### S. C. BROWNE et al. v. JOHN T. DAVIS.

*Trusts and Trustees—Release—Subrogation—Betterments— Improvements.*

Plaintiffs conveyed to T. a tract of land, and to secure payment of the purchase-money T. conveyed the same land to a third person, and both deeds were duly registered; subsequently the defendant purchased a portion of the land from T. with notice of the trust, paid the purchase-money therefor to the trustee, who paid it to plaintiffs, who did not know that it arose from a sale of the land, and thereupon, without the knowledge of plaintiffs, the trustee, on the margin of the registry of the deed in trust wrote an instrument, not under seal, purporting to release that portion of the land purchased by defendant: *Held*,

1. That even if the attempted release had been under seal it would have been ineffectual, as the statute authorizing such mode of release confers no power upon a trustee to release specific parts of the property conveyed, and especially where the secured debt remained unsatisfied.

2. The defendant was entitled to have the money paid by him repaid, and a lien established upon the land for that purpose.

3. While the defendant was not entitled to recover betterments, upon an inquiry of the amount of damages for the use and detention of the lands to which plaintiffs were entitled, it was competent for him to show the value of the improvements of a permanent character, of which plaintiffs would have actual benefit.

CIVIL ACTION for the recovery of land, and damages for the wrongful detention thereof, tried at Spring Term, 1891, of HERTFORD Superior Court, *Bryan, J.*, presiding.

The plaintiffs, on January 18, 1887, by deed duly recorded in Pasquotank County, N. C., sold and conveyed to one W. O. Temple six hundred and ninety-three acres of land in said county. On the same day Temple and wife, by deed of trust, recorded in said county, conveyed said land to one E. F. Lamb in trust to secure the payment of a portion of the purchase-money therefor.

On the 7th day of February, 1888, Temple and wife, without the knowledge or consent of the plaintiffs, sold and conveyed, by deed duly recorded in said county, forty-five acres of said land to the defendant; at which time said trust was duly recorded, and the defendant had actual knowledge of its existence and registration and that the debt therein secured had not been paid. Lamb was also the agent of the plaintiffs for the purpose of collecting said debt, and had the notes of Temple therefor in his hands, and received the purchase-money for the forty-five acres of land and paid it over to the plaintiffs, but did not at the time advise them that it was from the sale of any portion of the lands conveyed in the trust, nor did the plaintiffs know it for some time thereafter. The following entry appears upon the margin of the registry of said trust: "For value received, I hereby release from the operations of this deed of trust, that portion of the within described tract of land which was sold by W. O. Temple and wife to John T. Davis by deed dated February 7, 1888. Witness my hand and seal, February 8, 1888. E. F. Lamb, Trustee." But this was placed there without authority from the plaintiffs, nor did they agree with the defendant that the forty-five acres of land should be released from the trust.

Temple being insolvent, and having made default in the payment, Lamb, as trustee, according to the terms of said

trust, sold said land at public auction—first, all except the forty-five acres, and the proceeds therefrom not being sufficient to pay said debt, the said forty-five acres were then s,ld, and the plaintiffs became the purchasers of the whole of said lands at said sale and received a deed therefor. Upon the demand of the plaintiffs, the defendant refused to deliver possession of the forty-five acres of land to them; whereupon they instituted this action to recover possession thereof, and damages for its wrongful detention. The defendant contends that if he is compelled to give up the land he ought to have his money back, and also, after verdict, petitioned the Court for betterments.

The plaintiffs, upon the admission in the pleadings, the evidence in the case and the issues as found by the jury, moved the Court for judgment against the defendant, declaring them owners and entitled to the immediate possession of the forty-five acres of land, for damages as awarded by the jury for the wrongful detention thereof, declaring the defendant not entitled to the equities set up by him, for cost, and directing that a writ of possession be issued. This judgment was refused; whereupon the defendant moved for and obtained judgment as set out below. The plaintiffs excepted to the refusal of the Court to give judgment as prayed for by them, and also to the judgment as rendered, because it declared the purchase-money paid by the defendant for the forty-five acres of land a lien thereon, and directed that it be sold to pay the same and interest, and because it entertained the petition of the defendant for betterments, and directed the empaneling a jury to assess the value of the same.

It was adjudged by the Court that the plaintiffs recover the lands described in the pleadings, subject to a lien of $450, and interest thereon from the day of sale from Temple and wife to deed, and $175, assessed by the jury for rents and detention, subject to a credit for valuable and permanent

improvements placed upon said lands by defendant, the same to be ascertained by a jury upon the petition of defendant for betterments and permanent improvements.

It was further adjudged that a jury be empaneled at the next term of the Court to assess the value of the permanent improvement made by the defendant upon the lands mentioned in the pleadings, to-wit, the forty-five acres of land, and that the execution upon this judgment, and the sale of the land herein provided for, be suspended until this assessment shall be made.

*Mr. J. H. Sawyer* (by brief), for plaintiff.
*Mr. E. F. Aydlett,* for defendant.

SHEPHERD, J.: The trustor conveyed a part of the land included in the deed of trust to the defendant for the sum of four hundred and fifty dollars, and at the same time the trustee made the following entry on the margin of the record of the said trust: "For value received I hereby release from the operation of this deed of trust, that portion of the within described tract of land which was sold by W. O. Temple and wife to John T. Davis by deed dated February 7th, 1888. Witness my hand and seal. (Signed) E. F. Lamb, Trustee. Witness, T. P. Wilcox, R. of D." There was, in fact, no seal attached, and, therefore, the entry could not, under the most liberal construction, be considered as a deed of release divesting the title of the trustee. *Linker* v. *Long,* 64 N. C., 296; *Wharton* v. *Moore,* 84 N. C., 479. We are also of the opinion that the said entry, under the circumstances, was not warranted by § 1271 of *The Code.* That statute only authorizes the trustee to " acknowledge the *satisfaction of the provisions* of such trust," etc., in which case the entry operates as a reconveyance. It was never contemplated that the trustee could, by this means, release from an unsatisfied trust specific parts of the land, and it is entirely clear that this

cannot be done where, as in the present case, the purchaser had actual knowledge that the large indebtedness, secured by trust, had not been satisfied. It is true that the jury found that the trustee was "the agent of the plaintiffs (the *cestuis que trustent*) and acting as such at the time he made the entry," but it is also expressly found that this agency did not authorize him to make such entry; that the land was sold to the defendant without the knowledge or consent of the plaintiffs, and that there was no agreement on their part that any portion of it should be discharged from the indebtedness. What effect is ordinarily to be given, by way of estoppel, to the reception of the purchase-money, in cases like the present, need not be considered at this time, as there is nothing to show (and proof of this is incumbent on the defendant) that the plaintiffs received the money from the trustee with knowledge of the sale and entry of record. On the contrary, it appears that very soon thereafter they caused the trustee to sell the entire tract, which proved insufficient in value to satisfy their demands. The plaintiffs, becoming the purchasers at the said sale, we think that his Honor was correct in holding that they acquired the legal title and were entitled to recover.

We also concur in the ruling of the court in charging the land with the amount paid by the defendant to the plaintiffs through the trustee. There is nothing in the cases cited by the appellants' counsel which conflicts with the principle so often laid down by this Court, that one cannot repudiate a transaction made in his behalf and at the same time retain the fruits thereof. *Walker* v. *Brooks*, 99 N. C., 207; *Burns* v. *McGregor*, 90 N. C., 225; *Boyd* v. *Turpin*, 94 N. C., 137.

The action of his Honor, however, is clearly sustained upon the principle of subrogation, and the cases cited in Sheldon on Subrogation, § 30, *et seq.*, seem directly in point.

In respect to the question of improvements, we think

there was error. We have seen that the entry made on the record by the trustee did not divest his title; but granting that it had this effect, or that the trustee, without the consent of the *cestuis que trustent*, had executed a formal deed of release to the defendant, the latter, affected as he was with actual, as well as constructive, notice that the indebtedness was still existing, would have taken subject to the trust; and so far from "holding the premises under a color of title believed by him *. * * to be good" (§ 473, *Code*), the law would have implied that he had knowledge of the infirmity of his claim. *Scott* v. *Battle*, 85 N. C., 192, and the authorities there cited. Moreover, our case is excepted from the provision above mentioned by § 481, and in *Wharton* v *Moore*, 84 N. C., 479, it is held that improvements put upon the land by a purchaser from the mortgagor, become additional security for the debt. Our case, we think, very plainly falls within the spirit of both the excepting statute and the decision just referred to.

While we are of the opinion that the defendant is not entitled to betterments, still when the jury come to enquire into the plaintiffs' damages on account of the use and detention of the lands, "they will be at liberty, and, indeed, in duty bound, to make a fair allowance out of the same for improvements of a permanent character, and such as (plaintiffs) will have the actual enjoyment of. That such an allowance could properly be made by the jury was said in *Dowd* v. *Fawcett*, 4 Dev., 92; notwithstanding it was at the same time adjudged that the defendant's claim for improvements, *as such*, would not be recognized by the Court." *Scott* v. *Battle*, *supra*.

Modified and affirmed.