S. C. BROWNE et al. v. JOHN T. DAVIS.

*Offset to Damages for Detention—New Trial—Construction.*

Where, on a former appeal, this Court affirmed a judgment in favor of
plaintiffs, allowing damages for rents during the detention of land,
subject to credit for valuable improvements made by defendant,
the same to be ascertained by a jury upon petition for betterments,
but modified it by saying that though the defendant was not enti-
tled to have the value of improvements assessed as betterments,
strictly speaking, still the jury, "when they come to inquire into
the plaintiffs' damages on account of the use and detention of the
lands, * * * ought to make a fair allowance out of the same
for improvements of a permanent character," and on a remand
the plaintiffs objected on account of the language quoted to further
inquiry into an allowance for the permanent improvements: *Held*,
that the language quoted was general, applying to all cases where
offsets should be assessed at the same time damages are assessed,
and was not intended to cut off the defendant from such allow-
ance because the rents had already been assessed in this particular
case. Such modification was in effect a new trial as to the issue,
directing the allowance to be deducted in assessing the damages to
plaintiff, and the refusal of the Court to submit an issue inquiring
into the amount of damages was error.

CIVIL ACTION, tried before *Shuford, J.,* at Spring Term,
1892, of PASQUOTANK Superior Court.

From the refusal of the Court to submit an issue as to
permanent improvements the defendant appealed. The
facts are fully stated in same case, 109 N. C., 23, and in the
following opinion by Justice CLARK.

*Messrs. Grandy & Aydlett,* for defendant (appellant).
No counsel *contra.*

CLARK, J.: When this case was first tried the Court below,
upon the findings of the jury, rendered judgment in favor
of the plaintiffs, that they "recover the lands described in

the pleadings, subject to a lien for $450 (purchase-money paid by defendant), with interest, and also recover $175 damages found by the jury for rents during the detention, subject to a credit for valuable improvements placed upon the land by defendant, same to be ascertained by a jury upon petition of defendant for betterments or permanent improvements." From this judgment the plaintiffs appealed, both because the judgment made the purchase-money ($450) a lien and because the judgment entertained the petition for betterments and directed the impaneling of a jury to assess the value of the same. This Court on the hearing, 109 N. C., 23 (SHEPHERD, J.), affirmed the judgment below, but modified it as to the second point by saying that though the defendant was not entitled to have the value of the improvements assessed as betterments, strictly speaking, still the jury, "when they come to inquire into the plaintiffs' damages on account of the use and detention of the lands, will be at liberty, and indeed in duty bound, to make a fair allowance out of the same for improvements of a permanent character, and such as the plaintiffs will have the actual enjoyment of." On the going down of the certificate, the plaintiffs again insisted in the Court below that an allowance for the permanent improvements could not be inquired into, notwithstanding the above opinion, and although the question as to their value had been expressly reserved on the former trial and that fact recited in the judgment. This objection is based upon the language of the opinion: "When the jury come to inquire into plaintiffs' damages for the detention they should make a fair allowance out of the same for value of permanent improvements." This is sticking in the bark. The language of the Court was general, applying to all cases of this kind in which such offsets could and properly should be assessed at the same time the rents are assessed. It did not mean to

cut the defendant off in this case because the rents had been already assessed. On the contrary the judgment was affirmed, and the Court expressly held that this defendant was entitled to his allowance for the permanent improvements. The only modification was that such allowance should be made, not on a petition for betterments, but as a deduction in assessing damages for the detention of the land. In effect this was a partial new trial as to that issue, directing such allowance to be deducted by the jury in assessing the damages. In refusing to submit the issue, "What damages, if any, have plaintiffs sustained?" there was error. If the plaintiffs prefer it, the verdict finding $175 as value of rents may stand and an issue be simply submitted as to what deduction should be allowed therefrom by reason of the permanent improvements.                    Error.