R. S. CHRISTIAN, trustee, and J. D. and R. S. CHRISTIAN v. R. Y.
YARBOROUGH and J. R. WILLIAMS, administrators of
John W. Erwin; J. W. PEARSALL and wife
ANNIE E. PEARSALL, RUFFIN ERWIN,
JAMES ERWIN and S. A. JONES.

(Decided February 28, 1899).

*Agent and Principal—Attorney and Client—Cancellation
of Mortgage—Ratification—Judgment, non-obstante ver-
edicto.*

1. An attorney is the agent of his client. Where he does an act
exceeding his authority, ratification by the client will render
it valid and binding.

2. Ratification of the unauthorized act of the agent will be pre-
sumed, where the principal, after being informed, retains the
benefit of the transaction in whole or in part. He may not
share the benefit of a contract without bearing its burdens,
and there is no distinction as to the question of ratification,
between the action of an attorney at law and the action of an
attorney in fact.

3. While an attorney at law has no power to cancel or discharge
a deed of mortgage, without authority conferred by his cli-
ent, yet where such attorney informs his client that he is
unable to complete an arrangement agreed upon with the
debtor for obtaining a new mortgage and the sale of a stock
of goods, upon which the creditor has a lien, unless a cancel-
lation of an old mortgage was made, and that he would can-
cel the old mortgage by a day named, unless directed not to
do so; the attorney receiving no such direction, cancelled
the old mortgage, and forwarded to his client the new mort-
gage and power of sale, and the new mortgage was returned
without objection to be registered: *Held*, to be a ratification
by the client of the act of cancellation of the old mortgage.

4. A motion for judgment, *non obstante veredicto*, can only be en-
tertained at the instance of a plaintiff.

CIVIL ACTION, to vacate the cancellation entered upon

the margin of registration of a mortgage from John W. Erwin, deceased, to the plaintiffs, on the ground that it was the unauthorized act of their attorney, tried before *Bryan, J.,* at April Term, 1898, of the Superior Court of FRANKLIN County.

The defendants—administrators and heirs-at-law of the intestate, Erwin—claim that the act of plaintiffs' attorney, if not authorized, was at least ratified, by his clients.

The circumstances detailed in evidence upon which both sides claimed the verdict of the jury upon the issue—1. Has the mortgage from J. W. Erwin to J. D. and R. S. Christian, dated March 5, 1892, been duly released and discharged?—are fully stated in the opinion.

His Honor instructed the jury to find the first issue, "No." Defendants excepted. The jury found accordingly.

The defendants then moved for judgment *non obstante veredicto.* Overruled. Exception.

Judgment in favor of plaintiffs.

Appeal by defendants.

*Mr. C. M. Cooke,* for defendants (appellants).

*Messrs. Shepherd & Busbee* and *F. S. Spruill,* for plaintiffs.

MONTGOMERY, J.   This action was brought to have declared null and void a release and satisfaction of the provisions of a certain mortgage from J. W. Erwin, now deceased, to J. D. and R. S. Christian, entered on the margin of the registry in Franklin County, North Carolina. John W. Erwin, the intestate of the defendants Yarborough and Wheelass, in his lifetime, and the plaintiffs before they were incorporated, had between them numerous contracts and agreements concerning the indebtedness of the intestate to

them. Erwin, on the first day of March, 1892, executed a deed of trust to R. S. Christian upon all the goods, wares and merchandise in the store of the intestate to secure a debt due to J. D. and R. S. Christian. On the 5th of March following he executed a deed of mortgage upon his interest in a certain tract of land in Franklin County to the same persons to secure to them the amount of $700.50, which they had paid for the intestate to Cohen, Sons & Co., and which amount had been secured by a deed of mortgage to the Cohens upon the same lands. The intestate in his lifetime was put in charge of the stock of goods conveyed in the deed of trust of March 1st, 1892, as the agent of the trustee for the sale and disposition of the stock of goods, the same having been replenished from time to time. It further appeared from the testimony of T. B. Wilder that in March, 1894, Christian employed him as his attorney-at-law in regard to the debt against Erwin; that he said the matter had been standing about two years and he wanted the trusteeship closed up; that Erwin would come to see him, Wilder, and sign certain papers agreed upon; that it was not understod between him and Christian that the mortgage on the land especially was to be released; that Erwin did come to see Wilder on April 4th following and refused to execute the papers prepared for him until the mortgage on the land should be cancelled; that Wilder wrote to the plaintiffs at Richmond on that day, informing them of Erwin's demand for the cancellation of the mortgage as a condition precedent to his execution of the papers prepared for him, and requested an answer by the 9th inst., as on that day Erwin would return for the purpose of completing the business. The letter to plaintiffs was sent by special delivery and was received by them in time to have been answered before the 9th; that no answer having been received, Wilder re-

leased and cancelled the mortgage on the registry on the 10th. That on the last-named day Wilder sent to the plaintiffs a new mortgage and the assent of Erwin to the conveyance by R. S. Christian, the trustee to the plaintiffs, of the property conveyed in the deed of trust of the 1st of March, 1892. That those papers, together with a bill of sale from R. S. Christian, trustee, to the plaintiffs, for the goods and merchandise conveyed in the deed of trust of March 1st, 1892, were returned to Wilder for registration in Franklin County, as they were satisfactory, and that he had them all registered in Franklin County. That at the time he, Wilder, sent these papers to the plaintiffs in Richmond he informed them by letter that he had cancelled the mortgage upon the land, and they answered not a word until after Erwin's death.

There was evidence for the plaintiff offered, but none contradictory of Wilder's evidence as set out above. Upon the evidence the Court instructed the jury to find the issue, "Has the mortgage from J. W. Erwin to J. D. and R. S. Christian, dated March 5th, 1892, been duly released and discharged?" in the negative.

We think there was error in that instruction. It is certainly true that an attorney at law has no power to cancel or discharge a deed of mortgage without the authority is conferred to do so by his client; and in this case, if nothing else appeared but the simple action of Mr. Wilder in cancelling the mortgage, done as it was, without the authority of the plaintiffs, the act would be of no force, and would not, therefore, bind the plaintiffs. But from the evidence in the case there seems to be a ratification, in law, of the act of Mr. Wilder. Before he cancelled the deed it is admitted by the plaintiffs themselves that they had received from him the knowledge of his purpose to do so, and although they had

time to instruct him to the contrary, they were silent. But further than this, when the new mortgage from the intestate and his assent to the sale and conveyance of the personal property, conveyed in the deed of assignment of March 1st, 1892, by R. S. Christian, the trustee, to the plaintiffs, were sent by Mr. Wilder to the plaintiffs, they were informed of the cancellation of the mortgage on the land. The new mortgage and the assent by the intestate to the sale of the personal property as above mentioned were in the eye of the law substantial benefits accruing to the plaintiffs in the transaction, and they can not be allowed to accept that part of the transaction which is for their benefit, and refuse to allow the intestate that which was favorable to him. Their conduct was a clear ratification of the action of Mr. Wilder, although he was not authorized to cancel the mortgage in the beginning. Where an agent goes beyond his authority his principal must ratify the whole transaction or repudiate the whole. He will not be allowed to ratify that portion of the contract which is for his benefit and repudiate the other because it is against his interest. "A person can not take the benefit of it (contract) without bearing its burdens. The contract must be performed in its integrity." Ewell's Evan's Agency (Ed. 1879), p. 95.

The principal can not of his own mere authority ratify a transaction in part and repudiate as to the rest. He must either adopt the whole or none. Story on Agency, section 250. The same principle is announced in *Rudasill v. Falls,* 92 N. C., 222. And there is no distinction as to the question of ratification between the action of an attorney-at-law and the action of an attorney in fact. They are both agencies and the same rule applies as to ratification. Am. & Eng. Enc. of Law, Vol. 3, p. 374 (2nd Ed.), and cases there cited. In *Tooker v. Sloane,* 30 N. J. Eq., 394, it was held that a

release by an attorney in fact of a holder of a mortgage, the latter having accepted the consideration from the former with knowledge of the release, was held binding on the principal, though the attorney exceeded his authority.

The new mortgage and the assent of the intestate to the sale of the goods by the trustee, was the consideration of the cancellation of the old mortgage, and the plaintiffs accepted and received it. This case bears no resemblance to that of *Woodcock v. Merrimon,* 122 N. C., 731. There the trustee undertook to release and discharge on the registry from the operation of a deed of trust a portion of the land conveyed in the deed; and it was said that 1271 of The Code only empowers a trustee to acknowledge satisfaction of the provisions of such trusts. It was never contemplated, as was said in *Brown v. Davis,* 109 N. C., 23, that the trustee could by this means release from an unsatisfied trust specified parts of the land. And it was further said in that case, "We do not mean to say, however, that the creditor might not be estopped under certain circumstances from enforcing his claim against that part of the land undertaken to be released by the trustee if done with the creditor's consent and authority, properly shown."

The motion made in the present case by the defendants for judgment *non obstante veredicto* was properly overruled. "A judgment *non obstante veredicto* is granted in those cases where a plea or defence confesses a cause of action and the matter relied upon in avoidance is insufficient." *Ward v. Phillips,* 89 N. C., 215; Stephen on Pleading, p. 97.

There was error, for which there must be a new trial.