Nash, J.
 

 It is impossible to read this testimony, without being entirely satisfied, that a gross fraud has been attempted by these defendants, in the pretended sale of this land. The land in question was conveyed by Thomas Low, to the defendant, Theophilus Eason, in trust, for the purpose of securing to the plaintiff the money due to her from Low, for the purchase of the land; and the securities taken by her, as she alleges; were at the same time delivered by her to Eason, for the purpose of being in his possession, when the sale should be had. Twelve years after this, the land was sold at public auction, as it is alleged by the defendants, and Thomas, the son of the trustee, became the purchaser, at the price of §7 60. Every trustee for sale, is bound by his office, to bring the estate to a sale, under every possible advantage to the
 
 cestui que
 
 trust.
 
 Dowes
 
 v. Graysbrook, 3 Mer. 208 ; and, when there
 
 are
 
 several persons interested, with a fair and impartial attention to the interest of all concerned;
 
 Ord
 
 v.
 
 Noel, &
 
 Mad. 440.
 
 Hunt
 
 v.
 
 Bass, 2
 
 Dev. Eq. 292. He is bound to use, not only good faith, but also every requisite degree of .diligence and prudence, in conducting the sale. If he is wanting in reasonable diligence in the management of the Sale, as if he contract under circumstances, shewing haste and
 
 *335
 
 imprudence, or so manage the sale, as to advance the interest of one of the parties to the injury of another, he will be personally liable to make good to the party, suffering from his misconduct, the amount of his loss. Lewin on Trusts and Trustees,
 
 22
 
 Law Lib. 186.
 
 Pechell
 
 v. Fowler, 1 Anstr. 550. Nor will equity in such a case assist a purchaser, however innocent, in compelling a conveyance of the title.
 
 Ordv.Noel,
 
 per Sir John Leach. Where a trustee sells at auction, he must make due advertisement, and give due notice to the parties interested. Thus, in a mortgage deed, with a power of sale, it appearing to the court that the power was limited to a trustee, and that the mortgagor had not been apprised of the sale, Sir John Leach granted an injunction to stay the sale. He observed, it was the duty of the trustee to attend equally to the interest of both
 
 cestuis que trust,
 
 and apprise both of the intention of selling, that each might take the means to procure an advantageous sale.
 
 Anon case,
 
 6th Mad. 10. In this case, according to the tesfimony, there was not only a want of good faith in the trustee, amounting to actual fraud, but, according to his own statement, a degree of negligence and want of prudence, if he were acting honestly, that would make him answerable to the plaintiff. He alleges, that he caused advertisements to be put up, at three different public places. The one at Stantonsburg was put up by him, and, that night, before he left there, it disappeared, and this was six or seven miles from the land, but the nearest place to it at which the advertisement was put up. The other two places were distant from the land, the one ten, and the other twenty two or three miles. William S. Duggan, the witness who saw the advertisements put up, tells us that Oak Grove was a very public place, and not more than a mile and a half from the land, and the defendants do not pretend, that any advertisement was put up there. Why was this omission ? If the object was to apprise those, who would be most likely to purchase, the neighbors, would not a notice have been put up, where it was most like to come to their knowledge? So far
 
 *336
 
 from this being the desire of the defendants, the notic.e nearest ^1Q ^aII<^ disappears the night after it was posted up, nor did any one, as far as is disclosed by the testimony, except Duggan, ever see it. Mr. Daniel, one of the partners in the store, and who was there at the tirne, swears he never saw it. The neighbors are examined, one living within a hundred yards of the land, another within three quarters of a mile, and none more than two or two and a half miles, and not one of them ever heard of the sale, until it was over. Mr. Evans, who lived within one hundred yards of the land, had actually, some time before that, made a contract with the trustee, for the purchase of one half of the land, for fifty dollars, but subsequently rescinded. How many persons were present? Altogether six: the two defendants, Lawson Eason, a relation of theirs, Russ, the tenant of the trustee on the land, and Mr. Tyson and Mr. Simms. Mr, Tyson had never heard of the sale until that morning. When they got to the land, it was p.ut up to sale, and bid off by Thomas Eason, the son of the trustee, for $7 60. If the trustee had intended to act with good faith, upon finding so few persons in attendance, and so little bid for the land, he would, as it was clearly his duty to do, have adjourned the sale. In addition to all this, the defendant, Theophilus, t,ells us in his answer, that the plaintiff owed him between $70 and $80, and this land was the only fund out of which he expected to
 
 get paid; and
 
 yet, he wishes the court to believe that the sale to his son for $7 60 was an honest one. The plaintiff charges, that the trustee never gave her any notice of the intended sale, and that she never heard of it until she went to Tarborough, which was the week after ; and the trustee does not pretend to say he did give her notice; he only alleges, that, in answer to her notice, which was in June, he sent her a verbal message, he would/sell the land before court, and, in evidence that she knew nothing about it, the individual with whom she lived, swears he heard nothing of the sale, until it was oyer. We are satisfied, from the whole case, that the trustee was not guilty alone of such
 
 *337
 
 negligence and want of care, as would render him liable to make good to the piaintiff such injury as she would have sustained, if the sale had been effectual, to convey the, title, but we see so much of trick and contrivance, as satisfies us that the whole was a base fraud.
 

 There must be a decree for the plaintiff, declaring the sale made by the defendant, Theophilus Eason, fraudulent and void.
 

 The defendant, Theophilus Eason, claims to be a creditor of the plaintiff, for the sum of 70 or 80 dollars. He is at liberty to have an account taken by the Master, of what the plaintiff does owe him.
 

 Per. Curiam, Decree accordingly.