### WILLIAM GILCHRIST v. MARY A. KITCHEN.

*Pleadings, amendment of—Discretionary power of Court.*

The superior courts possess an inherent discretionary power to amend pleadings or allow them to be filed at any time, unless prohibited by some statute, or unless vested rights are interfered with.

(*Hudgins* v. *White,* 65 N. C., 393; *State* v. *Locust,* 63 N. C., 574; *Winslow* v. *Alexander,* 3 Dev. & Bat., 9; *Austin* v. *Clark,* 70 N. C., 458, cited and approved.)

CIVIL ACTION to recover land tried at Fall Term, 1881, of ROBESON Superior Court, before *Graves, J.*

The summons in the case was returned to spring term, 1881, and the complaint was not filed until the fourth day of the term. No answer was filed by the defendant.

At the following fall term, the defendant having still failed to file an answer, the plaintiff moved for judgment for want of an answer, and at the same time the defendant moved to dismiss the action for the reason the complaint had not been filed within the first three days of the return term.

His Honor overruled the defendant's motion, but sustained that of the plaintiff and gave judgment against the defendant for want of an answer, informing the plaintiff that no judgment for possession would be signed until it was shown to the court that the party upon whom the service of the summons was made, was in possession of the land sued for at the time of service thereof. The defendant then asked the court for leave to file an answer, which the court refused, upon the ground, that after the time which the law fixed, in which the answer must be filed, had fully elapsed, the court had no power to allow an answer to be filed.

The defendant then moved to make James A. Kitchen and his brothers and sisters parties defendant, and showed by her affidavit (upon which the motion was based) that they were in possession with her and were entitled to a homestead in the land, all being infants, and that she was only entitled to dower in said land, which had never been allotted, but the court refused the motion, and it being made to appear upon affidavit that the defendant was in possession of the land at the time the summons was served upon her, the court rendered judgment for possession and the defendant appealed.

*Mr. John D. Shaw*, for plaintiff.
*Messrs. McNeill & McNeill*, for defendant.

ASHE, J. It has been well settled in this state that no appeal lies to this court from the exercise of a discretionary power of the superior court. But if the exercise of a discretion by that court is refused upon the ground that it has no power to grant a motion addressed to its discretion, the ruling of that court is reviewable.

In *Hudgins* v. *White*, 65 N. C., 393, it is held, "if a judge refuses to entertain a motion to set aside a judgment for any

of the causes mentioned in section 133 of the Code, because he thinks he has no power to grant it, he fails to exercise the discretion confided to him by the law, and there is error.

To the same effect are *Winslow* v. *Alexander*, 2 Dev. & Bat., 9; *State* v. *Locust*, 63 N. C., 574.

Section 133 of the Code and the act of 1868–'69, amended by acts of 1870–'71, ch. 42, and 1872–'73, ch. 14, being *in pari materia* must be construed together. By the act of 1868–'69 as amended, it is provided that " the plaintiff shall file his complaint in the clerk's office on or before the third day of the term to which the action is brought, otherwise the suit shall, on motion, be dismissed by the court at the costs of the plaintiff; and the defendant shall appear and demur, plead, or answer at the same term to which the summons is returnable, otherwise the plaintiff may have judgment by default, as is now allowed by law."

It is probable that it was in view of this provision of the law that His Honor held he had no power to allow the answer of the defendant to be filed, but there is nothing in the act of 1868–'69, with its amendments, which takes away or in any degree impairs the discretionary powers given in section 133. By that section it is provided that the judge may in his *discretion*, and upon such terms as he may deem to be just, allow an answer or reply to be made, or other act to be done after the time limited by this act."

It was insisted by the defendant that this section applied only to the pleadings existing before the Code was suspended by the act of 1868, but we think that that act, with the amendatory acts, was an amendment of the provisions of the Code, and the section (133) applies to these, as it did to the original pleadings prescribed in the Code.

In the case of *Austin* v. *Clark,* 70 N. C., 458, the defendant answered the complaint and the plaintiff demurred to the answer. His Honor sustained the demurrer; whereupon

GILCHRIST v. KITCHEN.

the plaintiff moved for judgment, and the defendant moved for time to file an amended answer.    The plaintiff's motion was refused and time given to defendant.  BYNUM, J., speaking for the court, said: "The C. C. P. invests the court with ample powers, in all questions of practice and procedure, both as to amendments and continuances, to be exercised at the discretion of the judge presiding, who is presumed best to know what orders and what indulgence will promote the ends of justice in each particular case.    With the exercise of this discretion we cannot interfere, and it is not the subject of appeal."

But independent of the Code, we hold that the right to amend the pleadings of a cause and allow answers or other pleadings to be filed at any time, is an inherent power of the superior courts, which they may exercise at their discretion, unless prohibited by some statutory enactment or unless vested rights are interfered with.

How the discretion of His Honor should be exercised in this case we are not authorized to indicate an opinion, but we hold there was error in his ruling, that he had not the *power* to allow the motion of the defendant. But before concluding we would suggest that the act suspending the Code was as much imperative upon the plaintiff to file his complaint within the first three days of the term, to which the summons was returned, as it was upon the defendant to file his answer during that term.

There is error.    Let this be certified.

Error.                                        Reversed.