JULIA E. WOODCOCK v. J. G. MERRIMON, Trustee, et al.

(Decided May 24, 1898.)

*Action to Compel Trustee to Sell Land—Extension of
Time for Filing Pleading—Discretion, of Court—
Trust Deed—Partial Release by Trustee—Deed of
Release—Quit Claim—Vendor and Vendee—Contract
—Memorandum of Contract—Act of Agent—Ratifi-
cation—Specific Performance.*

1. The Courts have discretion, not reviewable, to extend time for filing
   pleadings.

2. An order extending defendant's time for filing answer and providing
   that, unless he should file it within the time limited, and pay the
   costs of the action up to the time when the order was made, judg-
   ment should be entered for the plaintiff at the said term, was not
   such a judgment as could not be set aside by another judge at the
   next term, nor was it made conclusive upon the parties by the de-
   fendant's consent to the entry of such order.

3. A trustee in a trust deed has no power under Section 1271 of *The Code*
   to release a portion of the premises from an unsatisfied trust.

4. A trustee under a trust deed made an entry upon the margin of the
   record thereof as follows: "I, J. G. M., trustee, do hereby release
   and discharge from any and all liability in this deed of trust all of
   that portion of said land conveyed by E. W. W. and wife to J. R.
   R. by deed dated Nov. 24, 1891; *Held*, that such entry was insuffi-
   cient as a deed of release or quit claim to R. since there was no
   *consideration* expressed, no reference to authority from the *grantor*
   or creditor and no mention of a *grantee.*

5. While a trustee in a deed of trust is agent for both parties, the agency
   is confined to the performance of duties imposed by the terms of
   the deed.

6. An entry upon the margin of the record of a deed of trust which does
   not show that the person making it was authorized to do so by the
   creditor, and recites no consideration and names no person as
   grantee, is not such a memorandum of a contract to convey land
   as will support a decree for specific performance.

7. A writing by an alleged agent which was insufficient to pass an inter-
   est in land, or as a memorandum of a contract of sale thereof, can-

not be ratified as a conveyance or memorandum by the conduct and acts of the party sought to be charged therewith.

CLARK, J., dissents, in part.

CIVIL ACTION, tried before *Timberlake, J.,* and a jury at July, 1897, Special Term of BUNCOMBE Superior Court. The facts appear in the opinion. There was a verdict followed by a judgment for the defendants and plaintiff appealed.

*Mr. W. W. Jones,* for plaintiff, (appellant.)
*Messrs. Tucker & Murphy,* for defendants.

MONTGOMERY, J.: In August, 1890, J. B. Bostic sold and conveyed to D. D. Suttle a piece of land of about twelve acres in or near Asheville. For a part of the purchase money Suttle executed his note for the amount of $5,500 to Bostick and secured the same by a deed of trust upon the land—J. G. Merrimon being named as the trustee. About the 11th of September, 1890, Bostick endorsed this note to the plaintiff for value. This action was brought to compel the trustee Merrimon to sell the land conveyed in the deed of trust to pay the debt secured therein. In her complaint the plaintiff alleges that she had requested the trustee to sell the land under the provisions of the trust and that he refused to sell the *whole* of the land alleging as a reason for his refusal that he had released five acres thereof upon the margin of the registry where the deed was registered, by a writing as follows: "I. J. G. Merrimon, trustee, do hereby release and discharge from any and all liability in this deed of trust all of that portion of said land conveyed by E. H. Wright and wife to J. R. Rich by deed dated November 24th, 1891. Witness my hand and seal this the 25th day of November, 1891. J. G. Merrimon. (Seal.) Witness: J. J. Mackey."

The plaintiff further alleged that the whole of the land would not be sufficient to pay the debt, and that, if Merrimon executed the writing upon the margin of the registry, he did so without consideration moving to her, without authority from her and that such writing was not authorized in the deed of trust and is void. The defendant Merrimon, in his answer, admitted that the plaintiff through her attorney had requested him to sell the whole of the land and that he had refused to sell five acres thereof, because, as he averred, he had as trustee made and signed, upon the margin of the registry of the deed of trust, the entry set forth in the complaint and that he was duly authorized by the agent and the attorney of the plaintiff to make the entry. The defendant Merrimon further averred that the consideration which induced the plaintiff to agree to and authorize the release of the lien of the trust deed upon the five acres described in the entry on the registry, was a certain obligation and contract entered into on the 6th of February, 1892, between J. M. Ray and J. B. Bostic, in which contract, for the consideration therein named, Ray agreed to assume and pay the note of Suttle to Bostic in the hands of the plaintiff, and that this contract and agreement was delivered to the plaintiff. The defendant Rich in his answer sets up his purchase of the five acre tract and avers that the plaintiff for a valuable consideration authorized the trustee Merrimon to make the entry on the registry.

At the March Term, 1897, after trial, verdict, and judgment, an order was made in the following words : " It is ordered that defendant Rich have leave to file an amended answer as he may be advised, said amended answer to be filed within 60 days from date hereof. As a condition of granting this amendment said Rich is or-

dered to pay all the costs of this action up to and includ-
ing the Term, which costs shall never be taxed against
plaintiff, whatever may be the final result. If said
costs are not fully paid within sixty days from this date,
then all the said answers of defendants are to be stricken
out entirely and judgment rendered at next Term, for
plaintiff. To this order the defendants consent in open
court. The findings and judgment and orders of the
court herein at this term are set aside."

At the succeeding term of the court, the plaintiff
made a motion before Timberlake, J., for judgment in
accordance with the order made at the preceding term,
and at the same time a counter motion was made by the
defendant Rich to be allowed to file an amended answer
as of date subsequent to the time limited in the order of
March term, 1897. Judge Timberlake denied the plain-
tiff's motion, set aside so much of the order made at
March term, 1897, as limited the time allowed to the
defendant Rich to file his answer and pay the costs, and
permitted him to file his amended answer as of the time
allowed in the order of March term, 1897. The plain-
tiff excepted to this ruling of his Honor and insisted
that it was not lawful for one Superior Court Judge to
vacate the judgment and order made by another Judge
in the same cause, and cites the case of *Henry* v. *Hil-
liard*, 120 N. C., 479, to sustain his position.

We are of the opinion, however, that the case before
us and that of *Henry* v. *Hilliard* bear no resemblance
to each other. In *Henry* v. *Hilliard* there was a final
judgment affecting the merits and the vital interests of
the case and was conclusive of the litigation. The or-
der made at March term, 1897, in this case cannot be
considered as a judgment of the court, in the sense of
affecting the rights and interests involved in the litiga-

tion.   It is only an order made in reference to pleading
and practice.   It was out of his Honor's power to order
what kind of a judgment should in the future be entered
up by another Judge.   The future judgment was a mat-
ter to be entirely left to the Judge who might then pre-
side under the conditions that might then appear.   The
fact that the defendants in the case consented to the or-
der of March term, 1897, did not make the order a judg-
ment conclusive of their rights, but at most was a con-
tract which the Judge, who followed, for reasons satis-
factory to him, did not enforce.   The courts have dis-
cretion, not reviewable, to extend the time for filing
pleadings.   *Gwinn* v. *Parker*, 119 N. C., 19; *Bailey* v.
*Commissioners*, 120 N. C., 388.   *The Code*, Section 274,
provides that "The Judge may likewise, in his discretion
and upon such terms as may be just, allow an answer
or reply to be made, or other act to be done after the
time limited, or by an order to enlarge such time."   In
*Gilchrist* v. *Kitchen*, 86 N. C., 20, the court says: "But,
independent of *The Code*, we hold that the right to
amend the pleadings in the cause and allow answers or
other pleadings to be filed at any time, is an inherent
power of the Superior Courts which they may exercise
at their discretion.   The Judge presiding is best pre-
sumed to know what orders and what indulgence as to
filing of pleadings will promote the ends of justice as
they arise in each particular case, and with the exercise
of this discretion this court cannot interfere because it
is not the subject of appeal."   *Austin* v. *Clarke*, 70 N.
C., 458.

Under the order of Judge Timberlake, the defendant
Rich filed an amended answer, which presented a dif-
ferent case entirely from that which appeared in the
original pleadings.   He averred that the entry made by

the trustee Merrimon, on the registry, was not only a deed of release to himself made with the consent and approval and knowledge of the plaintiff for a valuable consideration, but that it was a memorandum or note in writing of an agreement or contract to sell and release and convey the land therein described and conveyed to the defendant Rich, signed and executed by the defendant Merrimon, trustee, by the authority and consent of, and as the agent and trustee of the plaintiff. The defendant Rich sets up another defence, and that was that the plaintiff afterwards ratified and affirmed the action of the trustee in making the entry on the registry.

Two issues were submitted to the jury: 1. "Did T. H. Cobb as the agent and attorney of the plaintiff, and with her authority and consent, authorize and direct J. G. Merrimon, trustee, to release the land in controversy?" 2. "After the execution of the release mentioned in the complaint by J. G. Merrimon, trustee, did the plaintiff ratify and confirm this act?" The jury answered both issues in the affirmative and the court rendered judgment for the defendant.

The entry made by the trustee claimed to be a release was not authorized by Section 1271 of *The Code*. That section only empowers the trustee to "acknowledge satisfaction of the provisions of such trust, etc.," the entry operating as a reconveyance. As was said in *Browne* v. *Davis,* 109 N. C., 23: "It was never contemplated that the trustee could by this means release from an unsatisfied trust specified parts of the land." We do not mean to say however that the creditor might not be estopped, under certain circumstances, from enforcing his claim against that part of the land undertaken to be released by the trustee if done with the creditor's consent and authority properly shown. The entry made by the

trustee is not a deed of release and quit claim on its face. It lacks the recital of consideration; it discloses no authority from Suttle, Bostick or the plaintiff, nor is it made to *the defendant Rich.* To get around this difficulty the amended answer was filed, in which the defendant Rich averred that the entry made by the trustee was a memorandum in writing of a contract to convey made by Merrimon as the agent of the plaintiff, and that in equity the plaintiff ought to be required to release and convey to him the five acres undertaken to be released by Merrimon.

Again, the testimony introduced by the defendant, to show the nature of the transaction between Merrimon and the plaintiff, did not tend to show that any agency was conferred on the defendant Merrimon by the plaintiff to do any act for her. At most, she authorized him as trustee under the deed to release the five acres under certain conditions which were not performed. Merrimon himself testified that he supposed he had the right, as trustee, to release the five acres and that he executed the writing—the entry on the registry—as *trustee.* To use his own language, he said, "I acted simply as trustee and tried to carry out the contract as trustee."

We were told by the counsel of defendants that the trustee in a deed of trust was by virtue of the law the agent of both creditor and debtor; and that is true, but the agency is confined to the duties imposed by the terms of the deed of trust. In making sale under the deed, in preserving the property, in disbursing the proceeds of sale, and in other such matters required of him in the deed, a trustee acts as agent of both parties; and in this sense are the authorities to which he cites us

122—47

(*Johnston* v. *Eason*, 38 N. C., 330, and *Hinton* v. *Pritch-ard*, 120 N. C., 1), to be understood.

Is the entry made by Merrimon, trustee, on the regis-try treated as a memorandum in writing of a contract to convey land, sufficient in form and substance to en-able the court to decree specific performance thereof? We are of the opinion that it is not. It does not recite that Merrimon was the agent of the plaintiff. It does not recite any kind of consideration, and no particular person is named as the grantee.

The real question, then, involved in the matter was not whether Mr. Cobb, as agent and attorney for the plaintiff, and with her knowledge and consent, author-ized and directed J. G. Merrimon, trustee, to release the land (5 acres), but whether the entry on the registry was in law such release—the proper execution of the power. We have seen that it was in law neither a release deed nor a memorandum in writing of a contract to convey and release the land under which the court could decree specific performance.

His Honor's charge, therefore, on the second issue—"After the execution of the release mentioned in the complaint by J. G. Merrimon, trustee, did the plaintiff ratify and confirm the act?"—was erroneous. The in-struction was in these words: "In regard to the second issue it was stated by the plaintiff in her examination that she received the Ray contract, marked 'A,' that she received the payment of interest from said Ray, and recognized him as her debtor, and afterwards brought suit upon the Ray contract, and these acts the court charges you amount to a ratification, provided she ac-cepted and retained said contract with full knowledge of all material facts." There was nothing to ratify. The entry on the registry by the trustee, claimed to be

a release deed to the defendant, Rich, was not in law a deed of release; neither was it such a sufficient memorandum in writing of a contract to convey and release the five acres made as averred in Rich's amended answer as would enable the defendant, Rich, to have specific performance decreed.

Whether or not the plaintiff ought to be estopped from subjecting the five acres of land to the satisfaction of her debt, is a question which was not passed upon on the trial. It was set up in the answer of Rich, but no issue on the question was submitted.

In passing, it may be said that the first issue was not submitted in a form that is satisfactory to this Court. The act of the plaintiff was the matter to be inquired into, and the introduction of the part taken by Cobb, the alleged agent of the plaintiff, might have given the defendants an advantage before the jury to which they were not entitled.

There was error in the instructions of his Honor, and there must be a

New trial.

CLARK, J., dissenting in part : The trustee signed the following, which was duly recorded on the margin of the registry of the deed of trust :

"I, J. G. Merrimon, trustee, do hereby release and discharge from any and all liability in this deed of trust all of that portion of said land conveyed by E. H. Wright and wife to J. R. Rich by deed dated November 24, 1891. Witness my hand and seal this 25th November, 1894.                      J. G. MERRIMON, [Seal].
" Witness, J. J. Mackey."

Concede that, technically, this was not authorized to be recorded as a release by *The Code*, Section 1271, still it

was a memorandum in writing of a contract to convey
made by Merrimon, as agent of the plaintiff, and the
jury, on an issue submitted, find that Cobb, as the plain-
tiff's agent and attorney, and with her authority, author-
ized and directed J. G. Merrimon to make the release.
The release refers to the trust deed, on the margin of
whose registration it was recorded, and to the deed of
Wright and wife to J. R. Rich, dated November 24,
1894, and is sufficient in form and substance to enable
the court to decree specific performance, for there can
be no sort of ambiguity as to the land embraced.   But
concede, even, that this authority from the plaintiff to
Cobb were not sufficiently proved, the second issue was,
"After the execution of the release mentioned in the
complaint by J. G. Merrimon, trustee, did the plaintiff
ratify and confirm the act?"   On this his Honor charged
the jury upon her own testimony: "The plaintiff stated
in her examination that she received the Ray contract,
marked 'A,' that she received the payment of interest
from said Ray, and recognized him as her debtor, and
afterwards brought suit upon the Ray contract, and
these acts the Court charges you amount to a ratifica-
tion, provided she accepted and retained said contract
with full knowledge of all material facts."   These acts
certainly would prove ratification, and the jury found that
these were the facts.   If there was not sufficient author-
ity to Cobb shown to authorize Merrimon to make the
release, this ratification supplied the defect.   Rich bought
in good faith upon a belief that Cobb had the authority
as plaintiff's agent, and her conduct thereafter fully rat-
ified his authority, if defective.   It would be against
good conscience for him to suffer loss thereby, after such
conduct on the part of the plaintiff.