### MECKE v. VALLEYTOWN MINERAL CO. et al.

(Circuit Court of Appeals, Fourth Circuit.    May 2, 1899.)

#### No. 301.

1. REMOVAL OF CAUSES—TIME FOR FILING PETITION.
    The fact that a petition and bond for removal were filed during the vacation of the state court, and acted upon by the judge in chambers, does not affect the validity of the proceeding, but is proper where the time for the defendant to plead expires during the vacation.

2. SAME—SEPARABLE CONTROVERSY.
    Where a complaint seeks to establish an indebtedness against a corporation defendant alleged to be insolvent, and also asks judgment therefor against a second defendant on the ground that it had assumed all the indebtedness of the first corporation, there is a separable controversy shown between plaintiff and such second defendant.

3. FEDERAL COURTS—JURISDICTION OVER FOREIGN CORPORATIONS.
    A federal court cannot acquire jurisdiction over a corporation of another state, and which is a citizen thereof, where it is not carrying on business in the state where the court sits, by any officer or agent representing the corporation, on whom service can be made, and there is no state law under which it is subject to suit therein, merely by service on an officer of the corporation temporarily in the state.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

John H. Dillard, for appellant.

Merrimon & Merrimon, for appellees.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

GOFF, Circuit Judge. This action was brought by Herman Mecke in the superior court of Cherokee county, N. C., against the Valley-

town Mineral Company, the Roessler & Hasslacher Chemical Company, and R. L. Cooper, Ben. Posey, and J. F. Abernathy, trustees. The summons was issued on the 18th day of March, 1897, returnable to the spring term, 1897, of said court, to be held in May, beginning on the 17th day of that month. It was served on the Valleytown Mineral Company on March 18, 1897, and service was accepted by the three trustees on March 25, 1897. It was not served on the Roessler & Hasslacher Chemical Company. In the complaint the plaintiff alleged that A. H. Mugford and R. P. Getty purchased from S. W. Cooper and others, during the year 1895, certain land in Cherokee county, N. C., at the price of $10,000, paying $5,000 of said sum in cash, and giving for the residue two notes, each for $2,500, secured by a deed of trust on the land, in which deed the defendants Cooper, Posey, and Abernathy were mentioned as trustees; that the land was supposed to contain minerals, especially talc, and that, in order to mine the same successfully, the said Mugford and Getty organized under the laws of the state of New Jersey a corporation called the Valleytown Mineral Company,—the defendant referred to,—of which the said Mugford was made manager, Getty superintendent, and the plaintiff president; that on the 2d day of October, 1895, Mugford and Getty executed and delivered to the plaintiff a certain written instrument, by which he (the plaintiff) was given a lien on the land mentioned, to secure him for the $5,000 he had advanced on the purchase money, he at the same time agreeing to provide the means with which to pay the said two notes; that afterwards the plaintiff assigned all his rights under said paper to the defendant the Valleytown Mineral Company, and that said company then agreed to assume and pay the said unpaid purchase-money notes; that on September 26, 1896, Mugford and Getty conveyed all their interests in said lands to the Roessler & Hasslacher Chemical Company, a corporation of the state of New York (which it was alleged was without an office, and also without an officer or agent, in the state of North Carolina), said conveyance having been made, it was charged, simply as security; that the plaintiff from time to time advanced to the Valleytown Mineral Company other large sums of money, amounting in the aggregate to $19,000, which, together with $1,000 on account of his salary, was still due him; that the Valleytown Mineral Company was largely indebted to other persons, and was insolvent, its only property being the said lien for $5,000, assigned to it by the plaintiff, and a lease on certain mineral lands. The complaint then described the characteristics of talc mining, and alleged the inexpediency of closing the work, as well as the advantage of continuing it; and prayed that a receiver might be appointed, with authority to operate the mines, and, if necessary, to borrow money on certificates to be issued by him; and also prayed for judgment for the plaintiff, and for general relief. On the 17th day of May, 1897, in the superior court of Cherokee county, the plaintiff was given 30 days in which to file an amended complaint, and the defendants were allowed 60 days thereafter during which to file amended or original answers. The amended complaint was duly filed, in which all the allegations of the original complaint were reaffirmed, and, in addition thereto, it was alleged as follows: That the

Valleytown Mineral Company, finding itself without sufficient capital to conduct its business, and not being able to secure additional advancements from the plaintiff, sought the aid of the Roessler & Hasslacher Chemical Company, with the result that an agreement between those two corporations was reached,—to which Mugford and Getty were also parties,—by which the last-named company assumed all the obligations of the former, being those which had theretofore been assumed by the plaintiff, taking at the same time an assignment from said Valleytown Mineral Company, and also from Mugford, Getty, and the plaintiff, of their respective interests in said mining lands; that the Roessler & Hasslacher Chemical Company also then agreed to make such additional advancements of money as might be needed in said mining operations, the product of which was to be handled by that company, which was also to share in the profits realized therefrom, thereby becoming a partner in the business; that at plaintiff's insistence a further agreement was prepared, in which it was set forth that the indebtedness of the Valleytown Mineral Company to him was $19,813.59, with interest thereon from the 15th day of October, 1896, the date of said agreement. The complaint, as amended, then renewed the prayer for judgment as in the original, and also demanded judgment against the Roessler & Hasslacher Chemical Company for the amount before mentioned, concluding with a prayer for general relief. Before the expiration of the time allowed by the order of the court within which the defendants were to file their answers, the Roessler & Hasslacher Chemical Company presented to the judge of said superior court of Cherokee county its petition to remove this cause into the circuit court of the United States for the Western district of North Carolina, together with the bond required by the act of the congress of the United States relating to such matters. Such petition was presented to the judge of said court in chambers, the regular term having adjourned, and the order of removal was allowed by him. The record having been filed in the said circuit court of the United States, the plaintiff moved to remand the same, which motion was overruled. The defendant the Roessler & Hasslacher Chemical Company then moved the court to dismiss this cause so far as it was concerned, for the reason that it was not properly before the court, which motion was granted. To this action of the court in refusing to remand and in dismissing the case as to said defendant (89 Fed. 114, 209) this appeal is prosecuted.

The motion to remand involved two questions: First. Was the petition for removal filed in time? Second. Was there a separable controversy between the plaintiff and the defendant the Roessler & Hasslacher Chemical Company? Section 206 of the Code of North Carolina provides: "The plaintiff shall file his complaint in the clerk's office, on or before the third day of the term to which the action is brought, otherwise the suit may, on motion, be dismissed at the cost of the plaintiff." By section 207 of said Code it is provided: "The defendant shall appear and demur, or answer at the same term to which the summons shall be returnable, otherwise the plaintiff shall have judgment by default." By section 274 of the same Code the courts of said state are given the power to enlarge the time in which

the defendant must answer. Gilchrist v. Kitchen, 86 N. C. 20; Gwinn v. Parker, 119 N. C. 19, 25 S. E. 705; Woodcock v. Merrimon, 122 N. C. 731, 30 S. E. 321. The act of congress requires that the petition for removal shall be filed at or before the time at which the defendant is required to plead by the laws of the state or the rule of the state court. The insistence of the appellant that he did not apply for and that he was not given time by the court in which to file an amended complaint, and also that the defendants were not given additional time in which to plead, is not sustained by the record, and is without merit. But, so far as the appellee the Roessler & Hasslacher Chemical Company is concerned, as it had not then been summoned, it was not in fact before the court, and therefore, under the law, was not then required to plead.

The fact that the petition for removal was filed during the vacation of the state court, and that the order of removal was signed by the judge in chambers, did not render void the proceedings had thereon, but, under the circumstances of this case, such procedure was proper. State v. Coosaw Min. Co., 45 Fed. 804; Phenix Ins. Co. v. Charleston Bridge Co., 13 C. C. A. 58, 65 Fed. 628.

It was clearly shown by the petition for removal that the plaintiff below was, at the time his suit was instituted, as well as when said petition was filed, a citizen of the state of North Carolina, and that the petitioner was a corporation duly organized under the laws of the state of New York, and a citizen of that state, when the suit was brought, and also when such petition was filed. It also appeared that the matter and amount in dispute exceeded the sum or value of $2,000, exclusive of interest and costs. The record therefore disclosed that the plaintiff and the petitioning defendant were citizens of different states, that the amount in controversy was sufficient to give the court below jurisdiction, and that the petition for removal was filed in due time; consequently, if such controversy was a separable one, the court did not err in refusing to remand the case to the state court.

The plaintiff below claimed: First, that the defendant the Valleytown Mineral Company was indebted to him in a certain sum of money; and, second, that the defendant the Roessler & Hasslacher Chemical Company was responsible to him for said debt because of an existing contract between the latter company and the former, to which said plaintiff was also a party. The claim first mentioned is one to which the Valleytown Mineral Company is an essential party, and while, in one sense, the Roessler & Hasslacher Chemical Company is interested in it, still such company is not a necessary party to a suit concerning it. The second claim is one as to which the appellee the Roessler & Hasslacher Chemical Company is the only contesting party. If the Valleytown Mineral Company be in fact indebted to the plaintiff, as set forth in the complaint, then that company, its creditors, and the plaintiff are together interested on one side, against the Roessler & Hasslacher Chemical Company, alone, on the other side. There is a separable controversy, and the court properly refused to remand the case.

The remaining question relates to the action of the court in dismissing the suit so far as said defendant below the Roessler & Hass-

lacher Chemical Company was concerned. The record clearly discloses the fact that said company was a corporation of the state of New York, and that it had no office and no agent in the state of North Carolina. The effort to bring that company before the court by serving a copy of the summons on one of its directors, who at the time was found in the state of North Carolina, but who resided elsewhere, was admitted in the argument of counsel for appellant to have failed in its purpose. It is true that a voluntary appearance of a defendant is equivalent to a personal service of the summons upon him, but the record in this case shows no such appearance, and we have no right to presume it. It was not shown that said company was transacting business in the state of North Carolina by either an agent or one of its officers appointed to represent it in that state, on whom process could have been served; nor was it claimed that the provisions of any North Carolina statute made foreign corporations amenable to suits in that state as a condition to their transacting business therein. The said appellee was sued in a district other than that in which it was a citizen, and, as it had neither appeared, nor been legally served with process, the court below properly dismissed the suit as to it. We find no error in the judgments complained of, and they are affirmed.