LOOP v. WINTERS' ESTATE et al.

(Circuit Court, D. Nevada.   March 27, 1902.)

No. 723.

**1. REMOVAL OF CAUSES—MOTION TO REMAND—PRESUMPTIONS.**

The jurisdictional facts set out in a petition for removal must be presumed to be true on a motion to remand unless evidence is introduced to contradict them, or the record shows something to the contrary.

**2. SAME—REMOVAL BOND—NECESSITY OF SEAL.**

A seal is not essential to the validity of a removal bond, where the use of a seal is declared unnecessary by the statutes of the state.

**3. SAME—ORDER OF REMOVAL.**

It is not essential to the removal of a cause that an order therefor should be made by the state court; the filing of a sufficient petition and bond effects the removal without any action of the court.

**4. SAME—PARTIES.**

The joinder, as defendant, of the estate of a deceased person and the executor of his will, is ineffectual, and will not prevent a removal by other defendants, where the petition for removal alleges that the person named as executor has not qualified as such, and that no letters testamentary or of administration have been issued on the estate.

**5. SAME—FORMAL DEFENDANTS.**

Defendants sued by fictitious names will be regarded as merely formal parties, whose presence does not affect proceedings for the removal of the cause.

**6. SAME.**

The right of removal by nonresident defendants is not affected because one named as a defendant in the capacity of executor, and who is a citizen of the same state as plaintiff, joins in the petition for removal, where the petition shows that he is not in fact executor, and is not, therefore, before the court as a party.

## On Motion to Remand to State Court.

This suit was commenced in the state court of Lincoln county, Nev., September 28, 1901, against "the estate of Aaron Winters, deceased, J. C. McClanahan, executor of the last will and testament of said Aaron Winters, deceased, Alexander Falconer, the devisee and beneficiary in and of said last will, Phœbe Hearst, F. W. Clark, John Doe, Richard Roe, John Denn, and Richard Fenn" (the last four names are fictitious, intended to represent certain defendants whose real names are unknown, and, when ascertained, to have their names substituted), to recover a one-half interest in the Green Monster mine, situated in Lincoln county, Nev., it being alleged in the complaint that this mine was located by plaintiff and Aaron Winters during his lifetime, and the assessment work done thereon by them. Among other things, it is alleged "that during the year A. D. 1898 the said plaintiff was compelled  *  *  *  to absent himself from said mining claim and its locality, and left the said mining claim in charge of said Winters, his co-owner and co-tenant, as aforesaid, who, in consideration of the work and labor theretofore done and performed on said mine and mining claim by said plaintiff for the benefit of said Winters, promised and agreed to do and perform, or cause to be done and performed, all work and labor on said mining claim during said year A. D. 1898, necessary to preserve his own and said plaintiff's interest therein, and prevent a forfeiture thereof; that, notwithstanding said promises and agreements, and without the consent of said plaintiff, and, as plaintiff is informed and believes, with intent to defraud said plaintiff, said Winters did not perform or have performed said necessary work and labor during the year A. D. 1898, but early in the year A. D. 1899, with like intent to defraud the said plaintiff, relocated said mining claim, and the whole thereof, in his own name, and with the same

name by which it was located and recorded by said plaintiff and said Winters, to wit, the Green Monster; that thereafter, as said plaintiff is informed and believes, and with like intent to defraud this said plaintiff, the said Winters bonded the said mining claim, as he had relocated the same, to the said Phœbe Hearst, or to parties representing her, for the sum of two thousand and five hundred dollars; that the parties to whom said mine was bonded well knew, as this said plaintiff is informed and believes, all of the facts in relation to said plaintiff's interest in said mining claim, and of said Winters' attempt and design to defraud said plaintiff of his interest therein; * * * that said plaintiff is informed and believes, and so charges the fact to be, that said defendants have conspired and are conspiring together to defraud this said plaintiff of his said interest in said Green Monster mine and mining claim, and to hold the title and possession thereof from him"; and that plaintiff has been damaged in the further sum of $1,000. The complaint is silent as to the citizenship and residence of the parties plaintiff and defendants. In due time after service the defendants F. W. Clark and Phœbe Hearst, and J. C. McClanahan, named as executor of the last will and testament of Aaron Winters, deceased, petitioned the state court to remove said suit into this court. This petition, after denying the allegations of the complaint, states: "That the said J. C. McClanahan never qualified as executor of the last will and testament of said Aaron Winters, deceased, and the said J. C. McClanahan has renounced any right he may have or might have had to act as such executor, as appears from the affidavit of said McClanahan, hereto annexed, marked 'Exhibit A,' and made a part of this petition for removal; that at the time of the commencement of the above-entitled action letters testamentary had not, nor had letters of administration with the will annexed, been issued upon said last will and testament to any one, nor had letters of administration been issued to any one upon the estate of said Aaron Winters, deceased; that at said time there was pending in the above-entitled court the petition of said J. C. McClanahan for the issuance to him, as such executor, of letters testamentary upon said last will and testament, but that said petition has been dismissed by the said J. C. McClanahan; that the said J. C. McClanahan and the person sued herein as 'Alexander Falconer, the devisee and beneficiary in and of said will,' are not necessary parties, nor is either of them a necessary party, to the above-entitled action, or to any controversy involved therein, nor is any cause of action stated against them, or either of them, in said complaint; that the said Alexander Falconer was, at the time of the commencement of the above-entitled action or suit, and still is, a citizen and resident of the state of California, residing in the county of San Bernardino, in said state, and a nonresident of said state of Nevada; that the matter and amount in dispute in the above-entitled action exceeds the sum or value of two thousand (2,000) dollars, exclusive of interest and costs; that the controversy or controveries in the above-entitled action or suit, and every issue of fact and law therein, is or are wholly between citizens of different states, to wit, between your petitioners, F. W. Clark, and Phœbe Hearst, defendants in said action or suit, who aver that they were, and each of them was, at the commencement of the above-entitled action or suit, and still are, citizens and residents of the state of California, residing at the city and county of San Francisco, in said state, and nonresidents of the state of Nevada, and said J. D. Loop, the plaintiff in the above-entitled action or suit, who was at the time of the commencement of the above-entitled action, and still is, a citizen and resident of the state of Nevada, residing in said county of Lincoln." Said petition alleges further facts upon which counsel claim that there is a separable controversy wholly between said Loop as plaintiff and Phœbe Hearst and F. W. Clark, which can be wholly determined between them without reference to the rights of the other defendants. Petitioners for removal filed a bond, which was approved by the judge of the state court, and the case was thereupon removed to this court. The plaintiff moves to remand the case "upon the ground that said suit and action was improperly removed to this court," the said motion being made "upon the complaint in said suit and action and the petition and bond of removal."

Geo. S. Sawyer, for plaintiff.

Henry Mayenbaum, T. J. Osborn, Page, McCutchen, Harding & Knight, and Torreyson & Summerfield, for defendants Phœbe Hearst and F. W. Clark.

HAWLEY, District Judge (orally). The contention of counsel for plaintiff is: (1) That the petition for removal was not presented to the state court, and that there is no order of removal. (2) There is no bond on removal, the instrument filed as such not being under seal; that the state court has the right to pass upon the sufficiency of the bond before it loses its jurisdiction. (3) That the petition does not show that all of the defendants are citizens of another state from that of plaintiff, nor that the cause of action is separable.

No affidavits are presented in support of this motion, and no plea interposed to the jurisdiction of the court. The jurisdictional facts set forth in the petition must, therefore, be presumed to be true, unless the whole record, upon inspection, affirmatively shows something to the contrary. 18 Enc. Pl. & Prac. 372, 377, and authorities there cited. The record shows that petitioners for removal did "make and file a petition in such suit in such state court" within the time and in the manner required by law (25 Stat. 1888, p. 435, § 3); that a bond was filed, and that the judge of the state court indorsed thereon, "The foregoing bond is hereby approved." What more was needed?

Counsel say there was no seal affixed to the paper called a bond, and that for that reason it was not a legal bond, but admit that the point is purely technical. It has been held that the omission of a seal on a removal bond is a mere formal defect, which can be cured by amendment. The omission of the seal furnishes no sufficient ground to justify the court in remanding the case. The question whether a seal is essential or not depends upon the provisions of the statute. G. V. B. Min. Co. v. First Nat. Bank, 36 C. C. A. 633, 95 Fed. 23, 33. It is not made essential by the statutes of the United States or the statutes of this state. The statutes of the United States do not, in terms, require a seal. Section 3 of the act to regulate removal of causes, approved August 13, 1888, simply requires that petitioners for removal of a cause shall file with their petition "a bond with good and sufficient sureties." 25 Stat. p. 435. The seal is certainly not essential under the statute of this state approved February 20, 1883, which expressly provides:

"The word 'seal,' and the initial letters 'L. S.' and other words, letters, or characters of like import, opposite the name of the signer of any instrument in writing, are hereby declared unnecessary to give such instrument legal effect, and any omission to use them by the signer of any instrument shall not be construed to impair the validity of such instrument." Cutting's Comp. Ann. Laws, § 2735.

The bond approved by the state court is a valid, binding, and sufficient bond, with sufficient surety, as required by the act of congress and laws of this state. As was said in Construction Co. v. Simon (C. C.) 53 Fed. 1, 3:

"The bond is regular in all respects. There is nothing to show any insufficiency or defect in it, or want of sufficiency in the sureties thereon. It

was properly executed and acknowledged, both by the obligor and its sureties, and was formally approved and accepted by the state court to which it was tendered. This court, if it could rightfully review the action of the state court in approving and accepting the bond tendered, is unable to discover from the record any error in the proceeding."

Counsel for plaintiff claims that there was no order for removal made by the state court. None is necessary. The statute provides that after the filing of a petition and bond "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in said suit." 25 Stat. 1888, § 3. No statute or rule of practice requires a defendant to give notice to a plaintiff of the filing of a petition for the removal of a cause from a state to a federal court. Chiatovich v. Hanchett (C. C.) 78 Fed. 193, 194, and authorities there cited.

In Noble v. Association (C. C.) 48 Fed. 337, 338, the court said:

"Certainly, it is the decorous practice for the moving party to present his petition and bond to the judge of the state court, and obtain the formal acceptance of the court. It is also the safer practice, because he can thereby have an opportunity to obviate any remedial objections which are suggested to their sufficiency in case the court refuses to accept them. But this is not indispensable, and when they are brought to the attention of the court in the manner prescribed by the statute, by filing them in the suit, the court can proceed no further, if they are sufficient. When filed, they become a part of the record in the cause, and the court is judicially informed that its power over the cause has been suspended."

In Eisenmann v. Mining Co. (C. C.) 87 Fed. 248, this court said:

"The law is now well settled * * * that, when a sufficient cause for removal is made in the state court, its jurisdiction ends, and no order of the state court for removal is necessary. In other words, upon the filing of the petition for removal, accompanied by a proper bond,—the suit being removable under the statute,—the jurisdiction of the federal court immediately attaches in advance of the filing of the copy of the record; and whether that court should retain jurisdiction is for it, and not for the state court, to determine."

See, also, Kern v. Huidekoper, 103 U. S. 485, 490, 26 L. Ed. 354; Marshall v. Holmes, 141 U. S. 589, 595, 12 Sup. Ct. 62, 35 L. Ed. 870, and authorities there cited; Lund v. Railroad Co. (C. C.) 78 Fed. 385; 1 Desty, Fed. Proc. § 110, and authorities there cited; Mecke v. Mineral Co., 35 C. C. A. 151, 93 Fed. 697, 700.

In reply to the contention of counsel that the petition does not show that all of the defendants are citizens of another state from that of plaintiff, nor that the cause of action is separable, it is sufficient to state that the record shows that the only parties in interest as defendants at the time the suit was brought and petition for removal filed were F. W. Clark and Phœbe Hearst. The estate of Aaron Winters was not legally before the court. There was no legal representative of the estate. There are no allegations in the complaint that the estate had ever been administered upon; that any executor or administrator had ever been appointed. In that condition of affairs the estate of Winters, J. C. McClanahan and Alexander Falconer were not properly before the court. If it was the intention of the pleader, in drawing the complaint, as he now claims, to sue McClanahan and Falconer as individuals, and make them co-con-

spirators in the alleged fraud and conspiracy, he should have so framed his averments. The complaint is not susceptible of that construction as drawn. It appears therefrom that both of said parties were made defendants solely on account of their official relation to the estate of Aaron Winters, deceased. This, in my opinion, is the only legal construction that can be given to the language of the complaint. The estate of Winters could not be bound unless there was in existence a legal representative. There was none. The estate of Winters is therefore a sham defendant, having no interest or standing in this suit. The joinder of such a defendant does not prevent a removal. 18 Enc. Pl. & Prac. 202, and authorities there cited. The record shows that McClanahan "has never qualified as executor of the last will and testament of Aaron Winters, deceased, nor have letters testamentary ever issued to him upon said will; that he has abandoned the application filed by him in the above-entitled court for issuance of such letters testamentary to him; and that he hereby renounces his right to apply for letters testamentary upon said will." He could not, therefore, be sued in his official capacity "as executor of the last will and testament of said Aaron Winters, deceased,"—First, because he had not been appointed as such; and, second, he had abandoned his application and renounced his right to apply for letters testamentary upon said will. Even if Falconer could be considered as a party defendant, the petition for removal shows that he was a citizen and resident of the state of California. As for the other defendants sued by fictitious names, they will be regarded as merely formal parties, whose presence on the record cannot affect the proceedings on removal. Parkinson v. Barr (C. C.) 105 Fed. 81, 82. It is the duty of the court to consider only the citizenship and residence of the parties whose real names are disclosed in the pleadings. 18 Enc. Pl. & Prac. 195, 196, and authorities there cited. From the facts appearing in the complaint and petition for removal, the only real parties defendants are shown to be citizens and residents of California, who have the right, on the ground of diversity of citizenship, to have the cause removed to this court. The fact that McClanahan unnecessarily joined in the petition does not affect their rights to have the case removed. Snow v. Smith (C. C.) 88 Fed. 657, 659.

The only controversy existing in this suit at the time of its commencement and at the time of the filing of the petition for removal was between the plaintiff, a citizen and resident of Nevada, and F. W. Clark and Phœbe Hearst, citizens and residents of the state of California, and it is therefore unnecessary to consider whether or not there would be any separable controversy between them and the estate of Winters, if said estate had been properly brought into court.

The motion to remand is denied.