## WALLINS COAL CORPORATION v. FORDSON COAL CO. et al.

District Court, E. D. Kentucky.
Oct. 14, 1931.

H. M. Collins, of Frankfort, and Wm. Sampson, of Harlan, Ky., for plaintiff.

Cleon K. Calvert of Pineville, Ky., for defendants.

ANDREW M. J. COCHRAN, District Judge.

This action is before me on plaintiff's motion to remand. It was removed on the sole petition of the defendant Fordson Coal Company, and that on the ground of separable controversy.

It is an action to recover $5,000 damages for breach of a covenant contained in a mining lease made by the plaintiff to Will Ward Duffield October 22, 1915, of certain coal lands in Harlan county in this district to mine the coal in said land. The lease contained a provision that the lessee should not assign the lease without the lessor's consent. On the same date, to wit, October 22, 1915, the lessee assigned in writing the lease to the Banner Fork Coal Company, an Arizona corporation. The plaintiff gave its written consent thereto. By the assignment the assignee assumed to perform the obligations of the lessee contained in the lease and plaintiff by its consent released the lessee from further obligations under the lease. November 1, 1917, the Banner Fork Coal Company assigned in writing the lease to the defendant Banner Fork Coal Corporation, a Virginia corporation. The plaintiff gave its written consent thereto. By the assignment the assignee therein, the defendant, assumed to perform the lessee's obligations of the lease.

The petition alleges that in June, 1926, the Banner Fork Coal Corporation assigned the lease to the defendant Fordson Coal Company by a certain writing filed as an exhibit with the petition and that the plaintiff gave its written consent thereto. According to the exhibit it was never executed. The petition further alleges that the defendant Fordson Coal Company took possession under these documents and thereafter continued to mine coal from the leased mine until September 30, 1930, when it ceased to do so and gave written notice to plaintiff that it would no longer do so, which is the breach complained of. It is plaintiff's claim that by reason of the facts so alleged the defendant Fordson Coal Company came under an obligation to it to perform the lessee's covenants in the lease.

It may be assumed that each of the defendants became liable to plaintiff to mine coal from the leased premises and each is liable to it for the breach thereof without undertaking to pass on the question whether either is liable. Such is the claim set up by plaintiff in its petition. The question of liability, however, as to each defendant is a separable controversy. The liability of each is separate. There is no joint liability. The liability of each is due to a separate and distinct transaction. Possibly, notwithstanding this, they may be suable jointly. It is not necessary to determine this. Assuming that they are, it does not follow that there is not a separable controversy as to each. The controversy as to the liability of each is wholly between the plaintiff and such person and it can be fully determined between them. Here the defendant Banner Fork Coal Corporation is no party to the controversy as to whether the defendant Fordson Coal Company is liable. The controversy is wholly between the plaintiff and such defendant, and it can be fully determined as between them. See Mecke v. Valleytown Mineral Co. (C. C. A.) 93 F. 697; Branchville Motor Co. v. American Surety Co. (D. C.) 27 F.(2d) 631.

The motion to remand is overruled.