SAMUEL CALVERT v. NICHOLAS PEEBLES,

*Subrogation—Practice—Modifying Judgment.*

1. The right of a surety who has paid the debt of his principal to be substituted to all the rights, liens and securities which the creditor held, can only be asserted by a civil action, commenced by the service of a summons.

2. When this court announces by its decision that there was no error in the judgment of the court below, that court has no right or power to modify that judgment, on mere motion, in any respect. It can only be done by a direct proceeding, alleging fraud, imposition or mistake.

APPEAL from an order made at Chambers in Tarboro on the 22nd of October, 1879, by *Avery, J.*

On the 6th of March, 1865, the defendant was appointed guardian of Mildred Peebles and others, and the plaintiff became one of the sureties on his guardian bond, and an action was brought against the principal and sureties and judgment recovered against them upon the bond at .........

term of the superior court of Northampton county for the sum of fifteen thousand three hundred and thirty-seven dollars and twenty-eight cents. Execution was issued thereon and the plaintiff was compelled to pay the sum of eight thousand six hundred and one dollars and eighty-four cents as surety to defendant. And afterwards the plaintiff brought an action for the said sum so paid by him against the defendant, at spring term, 1878, of said court, recovered a judgment in said action for the sum of eleven thousand four hundred and forty-eight dollars and thirty cents, with interest on the said sum of eight thousand and odd dollars, from which judgment the defendant appealed to this court, where it was held there was no error in the judgment below. See same case 80 N. C., 334. And when the decision of this court was certified to the court below, the plaintiff had served on R. B. Peebles as the attorney of the defendant, a notice of which the following is a copy :

" To R. B. Peebles, Esq., attorney for N. Peebles : Sir,— You are hereby notified that as attorney for the plaintiff, Samuel Calvert, in the above entitled action, we shall move before His Honor A. C. Avery, judge of the superior court, at chambers in Tarboro, Edgecombe county, on Tuesday the 22nd of October, 1879, at eight o'clock p. m., to conform the judgment heretofore rendered at spring term, 1878, of Northampton superior court, to the judgment and opinion of the supreme court in this case ; to reform and amend the said judgment of spring term, 1878, in accordance with the records in said suit, and in the original suit in which the recovery was had against the defendant above named, and the plaintiff and others, as sureties, upon which judgment in the last mentioned suit the money was recovered out of this plaintiff as surety, which he has in the present action recovered against the defendant, the guardian, N. Peebles, so as to enable the plaintiff to enforce said judgment of spring term, 1878, against the property of the defendant, N.

Peebles, so far as the said records and pleadings and said opinion and judgment of the supreme court shall authorize; showing, first, that plaintiff is entitled to the same without regard to the homestead of defendant; and secondly, this notice is in renewal of a motion made before Judge Avery for the same purpose at fall term, 1879, of Northampton superior court, and not then acted on by the court by reason of objections then made by you for want of notice." Signed by plaintiffs' attorneys.

Upon the return of this notice executed on R. B. Peebles, the defendant's attorney, there being no answer filed, on motion it was adjudged by the court at fall term, 1879, first, that plaintiff recover of defendant the sum of $11,448.30, of which $8,601 84 is principal money, with interest from the 20th of May, 1878, being the sum for which Judge Seymour rendered judgment in this case at spring term, 1878, of said court, and for costs; secondly, it is further adjudged that plaintiff herein is subrogated to the rights of the plaintiff in a judgment of the supreme court, rendered at June term, 1872, (67 N. C., 97,) in the case of the state on relation of W. R. Cox, solicitor, against Nicholas Peebles, Edmund Jacobs, Samuel Calvert and Henry Boone; and also to the rights and credits of the plaintiff in a judgment rendered at spring term, 1872, of this court, wherein the state on relation of W. R. Cox, solicitor, to the use of Mildred Peebles was plaintiff, and Nicholas Peebles, Edmund Jacobs, Samuel Calvert and Henry Boone, were defendants, for $15,-337.28, with compound interest thereon till paid and for costs and expenses of said action, which rights accrued to said plaintiff by virtue of said judgment; and plaintiff is entitled to the benefit of any lien which the said plaintiff acquired by means of said judgment against said Nicholas Peebles to the extent of $11,448.30 with interest on $8,-601.84 from the 20th of May, 1878; thirdly, it is further adjudged that defendant is not entitled to the benefits of

CALVERT v. PEEBLES.

any homestead or personal property exemption provided for in the constitution of '68, nor in any amendment thereto, as against this judgment. From this order the defendant appealed.

*Messrs. Thos. W. Mason* and *Mullen & Moore,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

ASHE, J., after stating the case. This is certainly a case of the first impression, and it is only necessary to make a statement of the proceeding had in the court below to show its extrajudicial character. The plaintiff brings an action to recover a sum of money which he had paid as surety for the defendant (an action of *assumpsit* according to the former practice) and obtains a judgment for the specific sum sued for, from which judgment there is an appeal to this court where it is held there was no error in the judgment below; and upon the receipt of the certificate of the clerk of this court, the court below, upon notice served on the attorney of the defendant, proceeds at chambers in another county in accordance, as it is said, with the decision of the supreme court at January term, 1879, to adjudge that the plaintiff be subrogated to the rights of the plaintiff in a judgment of the supreme court rendered at June term, 1872, and also to a judgment in the superior court of Northampton county; that the plaintiff is entitled to any benefit of any lien which the said plaintiff acquired by means of such judgments to the extent of $11,448.30, and that the defendant is not entitled to the benefit of any homestead or personal property exemption. It seems to be a summary mode adopted to get at the homestead and personal property exemption of the defendant, by a practice unwarranted by any authority of law known to this court. Under the former practice, a surety who paid money for his principal could be substituted to all the rights, liens and securities which his princi-

22

pal held ; but it could only be done by a regular bill in equity brought for that purpose. And since, by section one, article four, of the constitution " the distinction between actions at law and suits in equity and the forms of such actions and suits are abolished, and there is but one form of action for the enforcement or protection of private rights, or the redress of private wrongs, which is denominated a civil action," the enforcement of an equitable right, as that of subrogation, can only be maintained by a civil action. And by the code of civil procedure (§ 70) civil actions in the superior courts of the state shall be commenced by a summons. But in our case there was no summons, no complaint, no proof, no allegation, no pleading, nothing upon which to found the judgment rendered.

We cannot understand what is meant by the court below, in professing to reform the judgment in that court, in accordance with the opinion of this court. In that opinion there was not the remotest intimation made that the plaintiff was entitled to be subrogated to the rights of the plaintiff in any action whatever, or that he was entitled to any lien on the property of the defendant, or that the defendant had no right to his homestead or personal property exemption. There is nothing in the opinion of this court from which even by the most liberal construction such inferences could be drawn. When this court announced by its decision that there was no error in the judgment of the court below, that court had no right or power to modify that judgment in any respect. It could only be done by direct proceeding alleging fraud, mistake, imposition, &c.

The judgment from which this appeal is taken is not according to the course and practice of the courts. It was irregular, and should have been set aside upon the exceptions taken by defendant's counsel. There is error. Let this be certified to the superior court of Northampton county.

Error. Reversed.