JOSEPH DOBSON et als. v. ROXANA SIMONTON, Extrx., et als.

*Creditor's Bill—Right to Participate in Fund.*

Where, upon the pretended organization of a bank, a person allowed himself to be
held out as President, and after the failure of the bank, he was sued by one
of the depositors of the pretended bank, for the amount of his deposit, and
a recovery had against him, which he paid, such depositor cannot afterwards

come in and prove his entire debt against the bank, in a proceeding instituted by its creditors for the purpose of distributing its assets in payment of its debts.

(*Hauser* v. *Tate*, 85 N. C., 81, cited and approved).

CIVIL ACTION, in the nature of a creditor's bill, heard by *MacRae, Judge,* upon exceptions to the report of a referee, at February Term, 1886, of IREDELL Superior Court.

The statute (Pr. Acts, 1869–'70, ch. 64,) authorized the organization of the "Bank of Statesville," with a capital stock not exceeding $500.000.

Such bank was never in fact organized, but certain parties subscribed for shares of stock, preparatory to a contemplated organization of it. R. F. Simonton professed to be *Cashier* of such a bank, and Samuel McD. Tate was held out to the business community as *President* thereof, and the business of banking was done under the name of the "Bank of Statesville." In the course of such business, many persons made deposits with said Simonton as Cashier of such bank, and it purported to exist and to assume business liabilities as banks ordinarily do.

At length the business so conducted failed, and the supposed bank no longer paid its debts due depositors, and others. Thereupon, the present appellant, T. C. Hauser, as a depositor in this supposed bank, brought his action against the said Tate, alleging that he had allowed himself to be held out to the business world as President of a real bank, of the name mentioned, when in fact there was none, and had thus given the supposed bank character and credit, and thus he had rendered himself personally liable to him for the amount of his deposit mentioned. In that action, the plaintiff obtained judgment for so much of the money he so deposited with said Simonton, Cashier, as he demanded in his complaint, leaving a balance not embraced in the action and judgment. This judgment Tate paid and discharged. See *Hauser* v. *Tate*, 85 N. C., 81.

Afterwards, the creditors of the supposed bank brought this, a creditor's action, to wind up its affairs, and obtain payment

of their debts respectively.   In the course of the action, a referee was appointed, and directed to take proof of debts, and to state and report an account thereof.   The appellant went before the referee, and proved his debts, claiming the whole amount of his deposit, including the part thereof he had received from the said Tate in the action first above mentioned, and his debt thus proven was allowed by the referee.   Other creditors excepted to the report of the referee, upon the ground that the appellant had received from Tate the greater part of his debt, and he was not therefore entitled to be paid this same part a second time.   There was a further reference, to ascertain the facts in respect to the appellant's claim.   The referee reported his findings of facts, and further action was had in the Court below, as follows :

"4th.  I find that the same evidences of debt were sued upon in the action of T. C. Hauser against the Bank of Statesville, in Iredell Superior Court, that were sued upon in the action in Rowan Superior Court of T. C. Hauser against S. McDowell Tate."

To this finding of the referee, T. C. Hauser filed the following exception :

3. The referee erroneously finds (4th finding), "That the same evidences of debt were sued upon in the action of T. C. Hauser against the Bank of Statesville, in Iredell Superior Court, that were sued upon in the action in Rowan Superior Court of T. C. Hauser against S. McDowell Tate," but failed to find, as he should have done from the evidence, that the two actions were founded upon entirely different causes of action.   That the former was an action upon a contract to repay certain sums of money, with eight per cent. interest, as evidenced by certain certificates of deposit given by the Bank of Statesville to T. C. Hauser for money deposited by him in said bank; while the latter was an action in tort for damages, because of the wrongful and fraudulent acts of the defendant.

Upon this exception his Honor ruled, and found the facts as follows:

" While the finding of the referee is not, strictly speaking, correct, when he states that the same evidences of debt were sued upon in the action of T. C. Hauser against the Bank of Statesville, in Iredell, that were sued upon in T. C. Hauser against S. McDowell Tate, in Rowan Superior Court, yet the action in Rowan was for damages for loss to plaintiff, by reason of the conduct of defendant in inducing plaintiff to make deposits in the Bank of Statesville, and the damages ascertained in that action were the balance due on plaintiff's certificates, afterwards reduced to come within the sum demanded in the complaint, which was $2,500.00.

" While the action against the bank was upon the certificates as evidences of indebtedness, it is found as a further fact, that it does not appear that S. McD. Tate has set up any claim against the receiver for the sum paid by him, on the judgment against him, or any part thereof.

" This Court is, in this proceeding, administering the effects of the Bank of Statesville for the benefit of all its creditors who choose to avail themselves of its aid, and in the opinion of the Court, it would be inequitable to pay to this plaintiff such proportion of the fund as if he had received nothing from his judgment against the President of the Bank, Mr. Tate.

" But as each judgment is a separate and original judgment, the proof of the judgment against the Bank should stand, and plaintiff be paid in the same proportion as the other creditors up to a sufficient amount to satisfy the balance due on his certificates, after deducting the amount received by him in satisfaction of the Tate judgment."

To this ruling of his Honor, the plaintiff T. C. Hauser excepts.

From the judgment, the plaintiff T. C. Hauser appeals to the Supreme Court.

*Messrs. E. S. Gaither* and *John Devereux, Jr.*, for the plaintiff Hauser.

*Mr. D. M. Furches*, for the defendants.

Merrimon, J. (after stating the facts). It was earnestly contended by counsel on the argument before us, that the appellant's action mentioned against Tate was founded upon a tort, and his recovery thereon was damages for a tortious injury, and therefore his debt against the supposed bank referred to, remained unpaid, and unaffected by such recovery, and he has the right to share in the assets of the bank to be distributed to its creditors in this action, to the extent of the whole of his alleged debt.

If this contention were well founded, it is not at all certain that the appellant would be entitled to prove so much of his claim as is equal to the sum of money he recovered and received from Tate in the action referred to. The recovery from the latter was so much of the appellee's *deposit* in the supposed bank, as was demanded in that action; it was expressly made the ground and the measure of the recovery. If the cause of the action had been *tort*, and the recovery damages therefor, then the measure of damages would have been—not the debt demanded—but only a sum of money equal to so much of the debt as the bank could not pay.

But we think the counsel for the appellant misapprehends the nature of the cause of action sued upon against, and the recovery from Tate. The Court held in that action, that he, having allowed himself to be advertised and held out to the business community as President of the supposed bank, thereby made himself liable directly for the plaintiff's debt—the deposit—the very debt the appellee seeks to prove and have paid in this action. In the action against Tate, the Court allowed the plaintiff, the present appellant, not to recover damages as for a tort, but his debt—the debt in great part he now seeks to prove and have paid a second time. This appears from the record of that action, and as well from what this Court said on the appeal in it. In that appeal, *Hauser* v. *Tate*, 85 N. C., 81, this Court, the Chief Justice delivering the opinion, said: "The remaining exception is to the direction as to the damages, and is equally untenable. If the defendant's legal undertaking was collateral and subsid-

iary, the damages would consist in the money actually lost, that is, the entire sum, less that receivable in the distribution of the assets by the receiver. But the obligation is *direct and original*, as that imposed on Simonton himself, because of his participation in giving the bank credit, and inducing the plaintiff to make deposits."

The appellant having been allowed to recover from Tate the greater part of the very debt he now seeks to prove in this action, and having received the money in discharge of that recovery, he has not the shadow of right to have the same amount allowed and paid a second time.

There is no error in the order appealed from, of which the appellant can complain, and the other creditors do not appeal.

Let this opinion be certified to the Superior Court, to the end that further proceedings may be had in the action according to law. It is so ordered.

No error. Affirmed.