JOS. DOBSON and others v. ROXANNA SIMONTON, Executrix, and others.

*Res Judicata—Judgments of the Supreme Court.*

1. When this Court announces its decision, that there is no error in the judgment rendered in the Court below, that Court has no right or power to modify the judgment in any respect. The judgment cannot be modified except by a direct proceeding, alleging fraud, mistake, imposition, &c. This rule holds and applies also to an adjudication upon an interlocutory order reviewed on appeal.

2. The Superior Court has no right to disturb a judgment which has been affirmed by the Supreme Court, no matter how unjust the ruling might be, if it were an open question.

CIVIL ACTION, heard by *Gilmer, J.,* at May Term, 1887, of IREDELL Superior Court.

T. C. Hauser's executors, who were plaintiffs, appealed.

The facts appear in the opinion of the Court.

*Mr. J. B. Batchelor,* for the plaintiffs.
*Messrs. D. M. Furches* and *B. F. Long,* for the defendants.

SMITH, C. J. T. C. Hauser deposited moneys in the Bank of Statesville, which, with interest computed to December 13th, 1880, the rest fixed in the referee's report, at which the value of all the creditors' claims is ascertained, amounts to $3,125.27. Of this sum, he had sued and recovered from Samuel McD. Tate, two thousand and five hundred dollars, the facts connected with which, forming the basis of his demand, and set out in the case on appeal, are reported in 85 N. C., 81. The judgment has been paid in full. In the distribution of the assets of the insolvent Bank among the creditors in the present action, Hauser proved his whole claim, as if none of it had been paid, and claimed a *pro rata* share of the fund, estimated upon his entire and undimin-

ished debt against the bank, and it was allowed by the refe-
ree. The ruling, upon exceptions, was so far corrected by
the Court as to allow a *pro rata* division upon the whole
deposit, except that when the deficiency, that is the differ-
ence between the sum recovered from Tate and the proved
demand, was made up, and the whole demand thus satisfied,
Hauser should receive no more. Tate does not, himself,
prefer any claim on the fund. From this ruling, Hauser
appealed, while none others did, and the appeal was disposed
of by affirming the judgment. See case reported in 95 N.
C., 312.

The concluding sentence, in the opinion, declares, that,
"there is no error in the order appealed from, *of which the
appellant can complain,*" very distinctly intimating that if
there were error in the ruling, it was in allowing the appel-
lant to share in the apportionment upon any larger sum
than the excess of his demand over what he had collected.
Upon the resumption of the case in the Court below, the
Judge directed the receiver to pay over to the executors,
who, after the death of Hauser, had assumed the administra-
tion of his personal estate and been made parties in his
place, "the *pro rata* per cent. on the sum of $617.36, as has
been, or shall be hereafter, paid to the other creditors of the
bank, who have proven their claims, and which have been
passed on and allowed by the Court. That 30 per cent. upon
this amount shall be paid to the executors of said Hauser
before the creditors, who have heretofore received that
amount, shall receive any more."

The previous adjudication determined the sum which was
to share with the other proved claims, and this was not un-
settled by the appeal, but the judgment in this respect re-
mained in force, the distribution being arrested when the
debt was paid in full, so that there should be no overlapping
beyond.

In *Calvert* v. *Peebles*, 82 N. C., 334, it is declared, that when this Court announces, by its decision, that there is no error in the judgment in the Court below, that Court has no right or power to modify that judgment in any respect, and that this can be done only by a direct proceeding, alleging fraud, mistake, imposition, &c. This is not less true of an adjudication upon the matter of an interlocutory order, reviewed on appeal.

This is held in *Mabry* v. *Henry*, 83 N. C., 298; again, in *Wilson* v. *Lineberger*, 82 N. C., 412, a. demurrer was interposed by the defendant and overruled, and an appeal entered but not prosecuted. At a subsequent term, a motion was made to dismiss the action, and it was decided that the subject-matter was *res adjudicata*, and the motion denied.

The Court, therefore, had no right to disturb the affirmed judgment in this particular, however unjust the ruling might be, if it were, as it is not, an open question. It was error to do so, and, in reversing this action, the cause must proceed to a final determination, according to the ruling upon the former appeal, which seems to have been misinterpreted by the Judge in the Court below.

It is so ordered.

Error.                                                          Reversed.