MOREHEAD BANKING CO. v. MRS. L. L. MOREHEAD,
Petitioner.

(Decided May 5, 1899).

*Promissory Note—Executors and Administrators—Personal
Liability—Equity Jurisdiction.*

1. A personal representative, who executes a note as executor or administrator, without qualification or reservation as to personal liability—thereby incurs a personal legal liability as maker.

2. Equity, for many reasons, will reform and correct facts; but as a general rule it does not correct errors of law. There must be some fact, some inducement, some fraud connected with the transaction that raises the equity.

3. Although equity is now administered in the same Court and may be in the same action, the rules that govern now are the same they formerly were—to entitle a party to equitable interference and equitable relief the same equities must exist as would have availed before 1868.

PETITION TO REHEAR. Case reported in 122 N. C., 319.
FURCHES, J., delivers the opinion.
DOUGLAS, J., dissents.
CLARK, J., did not sit on the hearing of this case.

*Winston & Fuller; Burwell, Walker & Cansler,* for petitioner.
*Manning & Foushee,* for Duke & Green.
*Boone & Bryant,* and *John W. Graham,* for plaintiff.

FURCHES, J. This case was here at Spring Term, 1898, and is reported in 122 N. C., 318. It is here now on a petition to rehear. The facts now are necessarily what they were

then, and it is for us to say whether the construction then put upon this transaction was correct or erroneous. If upon examination it is found to be erroneous, the error should be corrected; if correct, it should be affirmed.

We do not deem it necessary that we should state the facts, as they are stated in the reportd case, *supra.* It will there be seen that the defendant's testator, with the other defendants, Green and Duke, as his sureties, made a note to a New York bank for $6,000, which was unpaid at the death of the testator; that this note was sent to the plaintiff for collection, and the defendant, Morehead, arranged with the plaintiff for the satisfaction and payment of the New York note by giving the note sued on with Green & Duke as sureties, and paying the plaintiff the difference between the New York note and the $5,000 note sued on, and the plaintiff paid off and satisfied the New York note. There has been judgment heretofore entered against the sureties, and this action is now being prosecuted for the purpose of recovering a personal judgment against the defendant Morehead.

It was admitted on the argument by counsel for defendant, Morehead, that his client was liable to a personal judgment upon the note as it stands; that is, as we understand the counsel, that she is personally liable for the note at law, but that in equity she was not.

This admission that she is personally liable for the note at law, or upon the note as it stands, gave her case away. We do not mean to say that defendant's counsel made a slip or mistake by which his client was damaged, but that it was the admission of a legal proposition which, if true, was equivalent to admitting the plaintiff's contention.

Equity, for many reasons, will reform and correct facts; but as a general rule it does not correct errors of law. It is said there are exceptions to this general rule; but what are

called exceptions by some writers are in fact not exceptions. When they are examined, it will be found that there is some fact, some inducement, some fraud connected with the transaction that raises the equity. 2 Pomeroy, Esq. Jur., Section 843; *Thomas v. Lines,* 83 N. C., 191; *Kornegay v. Everett,* 99 N. C., 30.

In this case it appears that the transaction took place between the defendant, Morehead and Morgan, the Cashier of the plaintiff bank. Morgan says he drew the note as he was directed to draw it, and the defendant, Morehead, says that she signed it as it was drawn, knowing how it was drawn. There was not a word said then or before by either Morehead or Morgan as to whether she would be personally liable or not, and no such question was raised until long after this action was commenced. Finally the question was raised as to whether the defendant, Morehead, was personally liable or not; and then she said she did not think when she signed the note that she was making herself personally liable, and Morgan said he did not think when she signed the note that she was personally liable. Upon this evidence the defendant, Morehead, asks a Court of Equity to come to her relief and say she is not liable for this debt, although she admits that in law she is liable.

Suppose the jurisdictions of law and equity were in separate Courts, as they were before the Constitution of 1868, and the plaintiff had recovered judgment against the defendant, Morehead, in a Court of Law, and she had gone into a Court of Equity to restrain and enjoin its collection—upon what ground would she put her relief? There is not a suggestion of fraud, deceit or mistake of the draftsman in drawing the note; nor a suggestion but what it was drawn just as the parties wanted it, and intended it should be drawn. Indeed, this is admitted. We must confess that we are at a

loss to see any ground for an equitable interference. And though equity is now administered in the same Court, and may be in the same action, the rules that governed before 1868 are the same now that they were before that time. To entitle the defendant, Morehead, to equitable interference and equitable relief, she must have such equities as would have availed her before 1868.

After giving this case all the investigation and reflection we are able to do, under the light of the very able argument of defendant's counsel, we do not see the error alleged in the former opinion. It is said at the conclusion of the former opinion that judgment appealed from is "reversed." This is a technical error, but does not affect the opinion as to the merits of the controversy.

There being no disputed facts—they having been agreed upon—there was nothing to submit to the jury. The province of the jury is to pass upon disputed facts, and to find how they are. Where there are no disputed facts, it becomes a question of law for the Court, and the jury has nothing to do with it. There being no disputed facts in this case, it became a question of law for the Court; and upon the undisputed facts the Court should have directed a personal judgment to be entered against the defendant Morehead. As that judgment should have been entered at the trial, it will be so entered upon this opinion, being certified to the Superior Court of Durham County. Petition dismissed.

CLARK, J., did not sit on the hearing of this case.
DOUGLAS, J., dissents.