MOREHEAD BANKING CO. v. Mrs. L. L. MOREHEAD, and Others.

(Decided April 3, 1900.)

*Judgment of Supreme Court—Motion in the Cause in Court Below—Power to Allow Amendment Not in Conflict with Court Above.*

1. After a decision of the Supreme Court fixing the individual liability of an executrix who had signed as such a note in renewal of one held by the plaintiff against her testator, it is within the power of the Superior Court to allow an amendment to her answer, in submission to the decision, to ascertain by an issue whether the co-signors were co-principals or sureties upon the note, as between themselves.

2. The Superior Court has no right or power to alter or modify the judgment or decision of the Supreme Court in any respect. Such a thing could only be done by a direct proceeding alleging fraud, mistake, imposition, or the like.

MOTION in the cause, after final decree certified from the Supreme Court, made before *Brown, J.,* at October Term, 1899, of DURHAM Superior Court.

The motion was made by Mrs. Morehead, while yielding submission to the decision of the Supreme Court, for leave to file an amendment to her answer. The grounds of the motion, stated upon affidavit were that the note in suit and reduced to judgment was signed by her as executrix of Eugene Morehead, and by the other defendants—that she submits to the decision of the court; that she is personally bound, and alleges that the other defendants are coprincipals with her; that one of her co-defendants, Lucius Green, is dead, and that the other, B. L. Duke, since the decision of the Court, has purchased the judgment from the plaintiff, and had it assigned to a trustee for the purpose of enforcing it against her in full,

whereas she is only liable for one-third of it. The object of the amendment asked for was for the purpose of submitting an issue to the jury to establish the fact that all the signers of the note were principals.

A counter affidavit was filed by defendant Duke. His Honor was willing to exercise his discretion, and permit said amended answer to be filed, but was of the opinion that he had no such power now, after issues found at a prior term, and under decision of Supreme Court.

The motion is denied upon the ground of want of power solely.

Defendant Morehead excepted and appealed.

*Messrs. Winston & Fuller*, for appellant.

*Messrs. Manning & Foushee*, and *Boone, Bryant & Biggs*, for appellee.

MONTGOMERY, J. This action was originally commenced by the plaintiff against Lucy L. Morehead, executrix of Eugene Morehead, deceased, Lucy L. Morehead, individually, B. L. Duke and Lucius Green, for the recovery of an amount due on a note, payable to the plaintiff. The note was the joint and several obligation of Mrs. Morehead, executrix, Duke and Green, and made no allusion as to who was principal, and who was surety, if such relationship existed. It was sought to charge Mrs. Morehead personally because of her having executed the note as executrix. A judgment by default was taken against Green and Duke at June Term, 1894, of Durham Superior Court. After extended litigation on the part of Mrs. Morehead, this Court decided at February Term, 1899, that she was liable on the bond individually. A rehearing was granted, and the petition dismissed. At October Term, 1899, of the Superior Court, upon motion for

judgment by the plaintiff according to the opinion of the Supreme Court, Mrs. Morehead, through her counsel, moved for leave to file an amended answer in which, submitting to the decision of the Court, she desired to plead as follows: That since the decision of the case by the Supreme Court, Duke had purchased the judgment from the plaintiff, and had the same assigned to James Pugh in trust for him; that the estate of Green is insolvent, and that the judgment was obtained in Green's lifetime, and, having been duly docketed, is a preferred lien on his estate; that if she is required to pay the judgment in full, and then to bring an action against Duke and Green's estate, she will recover only a small proportion from that estate; that Duke and Green were not her sureties on the bond, but that they were all principals. Her purpose in making the motion was, first, to have an issue submitted to the jury as to whether she and Duke and Green were joint principals as between themselves, in order that a judgment might be rendered which would determine the ultimate rights of the parties on each side as between themselves. His Honor stated that he was without power to grant the amendment, and on that ground declined to allow it.

The defendant moved further, that the Court should pass upon and find the facts as to whether the defendants, Duke and Green, are her sureties or her co-principals, and to embody such finding in the judgment according to The Code, sec. 424, sub-sec. 1. This his Honor declined to do on the ground of want of power.

The matter which the defendant Morehead desired to have determined by the amendment raised an issue of fact, and his Honor properly ruled that he could not try that without the consent of all parties; and Duke had answered the statements contained in her motion, and had denied them all, except that he had purchased the judgment.

But we think that he was in error in ruling that he had no power to allow the amendment to the answer in order that an issue might have been joined as to whether the parties were co-principal as between themselves.    The case which would have been presented by such a course would not be like those of *Calvert v. Peebles,* 82 N. C., 334; *Dobson v. Simonton,* 100 N. C., 56.    The principle decided in the last named, and like cases, was that the Superior Court had no right or power to alter or modify the judgment or decision of the Supreme Court in any respect, and that such a thing could only be done by a direct proceeding alleging fraud, mistake, imposition, and the like.    Certainly we do not intend in anyway or to any extent to alter that rule; but, in the present case, the purpose of the defendant Morehead is not to *alter or modify* in any way the judgment of the Supreme Court.    She had contested her individual liability on the note, and the judgment of the Superior Court was in her favor.    There was no need then on her part, at the time of the rendition of the judgment in the Superior Court, to make a motion to have the ultimate rights between Green and Duke and herself determined. She, at the first moment after her personal liability on the note had been fixed by judicial decree, desired, not to change or to modify the decision of the Supreme Court, but simply to have the rights and obligations of each of the defendants, who have all been held by the Supreme Court to be joint principals so far as the original plaintiff is concerned, determined and settled between themselves.    We do not have to consider, as we have seen the rights of the original plaintiff in the action, for practically it is not concerned in the result as it has assigned the judgment to a trustee for Duke's benefit.    It is simply a matter of the adjustment of the ultimate rights between themselves of three defendants who are joint obligors as to the

plaintiff, but among whom different rights and liabilities as between themselves are alleged to exist.

It may turn out on the trial that Mrs. Morehead is principal, and that Duke and Green are sureties to her, or that all are joint principals as between themselves. In *Black v. Black,* 111 N. C., 300, it was decided that, after a final decree in the Supreme Court, a motion for a new trial upon newly discovered evidence could be made, and that it should be made in the Superior Court. If a new trial could be ordered by the Superior Court after a final decision in the Supreme Court surely such a motion as the one made in this case ought to have been granted, if the Judge in his discretion thought it proper to grant it.

Error.

FURCHES, J., dissenting. The record in this appeal does not disclose the precise date of its commencement, but as early as 1893, and since then, including this appeal, it has been before this Court five times. It made its first appearance at Spring Term, 1895, and is reported in 116 N. C., 410. In that appeal, Justice AVERY delivered the opinion of the Court, which was concurred in by the entire Court, it being constituted as now, with the exception of Justice DOUGLAS. It was held in that opinion that the defendant Morehead was personally liable for this debt—the Court using this language: (Syllabus)—"Where an executor executed a note in his representative capacity for money borrowed and used for the purpose of paying debts of the testator, the estate is not liable, but the executor is personally liable therefor, and this is so notwithstanding the fact that the lender knew for what purpose the money was borrowed and how it was used. In such case the executor takes the risk of being reimbursed the amount of the note out of the estate on a final settlement."

The next time it appeared in this Court was at September Term, 1897, and is reported in 121 N. C., 110. It appears that at June Term, 1894, judgment was entered against the defendants Duke and Green by default, they having made no defense to the plaintiff's action. At January Term, 1897, these defendants, Duke and Green, alleged that they were only sureties on the note sued on, and moved to have the judgment rendered at June Term, 1894, corrected by inserting after their names the words "as sureties." The Court entertained this motion, found as a fact that they were only sureties, and ordered that the correction asked for be made. But upon appeal to this Court, it was held that the Court below (Judge *Allen*) had no power to find the facts and make the order amending the judgment.

The next time it was here was at February Term, 1898, and is reported in 122 N. C., 318. The opinion of the Court upon this appeal was delivered by Justice MONTGOMERY, who, speaking for the full Court as now constituted, except Justice CLARK, who did not sit in the case, said, (quoting from the syllabus): "The promissory note of an administrator or executor, as such, founded upon the consideration of forbearance or the possession of assets will bind him in his individual capacity; hence, where an executrix, as such, executed a new note to a bank in consideration of its taking up and paying the old note, she is individually liable thereon." The Court further holds in this opinion (on p. 324), as follows: "In our case there was constant forbearance on the part of the plaintiff, and there were assets in the hands of the executrix, at the time of the execution of the note, and at the time of the trial." Upon the trial of the case from which this appeal was taken (*Timberlake, J.*), the Court gave judgment for the defendant Morehead, holding that she was not personally liable for anything on account of the note sued on. To this

the plaintiff excepted. Upon the issues as tendered and found, the plaintiff tendered the following judgment, and requested the Court to sign it. But the Court declined to sign this judgment, and signed the judgment in favor of the defendant Morehead.

Judgment offered by the plaintiff: "In this action, upon the issues submitted, the jury having found that the note was understood and intended to be made by the defendant Mrs. L. L. Morehead in her representative capacity, and that the provision that she should not be personally bound was not omitted by mistake, it is now adjudged that in accordance with the opinion of the Supreme Court filed in this action, the *feme* defendant is answerable in her individual capacity, and that the plaintiff, Morehead Banking Co., recover of Mrs. L. L. Morehead individually the sum of $5,000, with interest at 8 per cent from September 19, 1893, and the costs of this action to be taxed by the Clerk." To the refusal of the Court to sign this judgment, the defendants Duke and Green excepted and appealed. And upon this appeal (122 N. C., 318) the Court held that there was error in the Court's signing the judgment it did sign, discharging the defendant Morehead from personal liability. It also held (on pp. 325 and 326), that the Court should have signed the judgment tendered by the plaintiff and quoted above, and that it committed error in not doing so.

The next time it was here was upon a petition to rehear the opinion of February Term, 1898, (122 N. C., 318). This petition was considered at February Term, 1899, and reported in 124 N. C., 622. In that opinion it is said: "There being no disputed facts in this case, it becomes a question of law for the Court, and upon the undisputed facts, the Court should have directed a personal judgment to be entered against the defendant Morehead. As that judgment should have been

entered at the trial, it will be so entered upon this opinion being certified to the Superior Court of Durham County." That is, that the judgment quoted above should be entered upon the opinion in the petition to rehear being certified to the Superior Court of Durham County. And as the opinion on the appeal (122 N. C., 325), and the opinion on the petition to rehear (124 N. C., 622), both said that that judgment should have been signed, and the last opinion saying that it should be signed upon the opinion of this Court being certified to the Superior Court, it was reasonable to suppose that would be the last of this case in this Court. But it is here again, and a majority of the Court think it is properly here.

This time it comes here on the application of the defendant Morehead to have the matter reopened, that she may have an *opportunity* of showing that Duke and Green are not her *sureties,* but that they are *principals.* This motion is made upon her affidavit stating that she is advised and believes that the defendant Duke purchased the judgment in 1895, and had it assigned to one Pugh for his use; that she never requested either Duke or Green to sign said note as her surety; that they signed the same of their own volition, and, therefore, are not her sureties. Green is dead, but Duke files an affidavit in which he states that he did purchase the judgment by giving his individual note for the same, which he has not paid; that he was forced to do this to prevent his property from being sold under said judgment; but he denies the allegation that he was not solicited to sign said note as her suerty, and alleges that he was solicited to do so by Mr. Avery, a near relation and friend of the defendant Morehead. In addition to the defendant Duke's affidavit, he offers the evidence of the defendant Morehead, given on the trial of the case, and stated in the case on appeal as follows: "Mrs. Morehead.—Don't know what bank held Exhibit 'A,'

(Exhibit 'A' is the note held by the Commercial Bank of New York, given by Eugene Morehead, Lucius Green and B. L. Duke), when it fell due, I ascertained the fact through Mr. Morgan, Cashier of the plaintiff bank. Mr. Morgan informed me that the note was held by the Commercial National Bank of New York, and that the same was due. I made an agreement with Mr. Morgan, cashier of the plaintiff bank, relative to this note. . I gave for this $6,000 note a note of the estate of Eugene Morehead, *with B. L. Duke and Lucius Green as sureties,* for $5,000, to The Morehead Banking Company, which note is here introduced into evidence, and marked Exhibit 'D.' " The italics in the above quotation from Mrs. Morehead's evidence are mine.

The Court below says: "Having carefully examined the affidavits, the Court finds that the amended answer of Lucy L. Morehead is based upon a meritorious defense, inasmuch as she desires to submit an issue to a jury as to whether she is a co-principal with the other defendants. The presiding Judge is willing to exercise his discretion and permit said amended answer to be filed, but he is of the opinion that he has no power now, after issues found at a prior term, and under the decision of the Supreme Court. The motion is denied upon the want of power solely."

And the opinion of the Court at this term says: "If a new trial could be ordered by the Superior Court after a final decision in the Supreme Court, surely such a motion as the one made in this case ought to have been granted. Error."

Whether the defendant Duke has become the equitable owner of the judgment or not does not affect the status of the defendant Morehead. She stands now just as she did before such purchase. If she was principal, and Duke and Green sureties, before this purchase, she is so now. If she and Duke and Green were co-principals before, they are so now.

And so far as her liability is concerned, it makes no difference who is the owner of the judgment. So I am unable to see the merits of the proposed amended answer, so far as it relates to the ownership of the judgment. As to whether Duke and Green are co-principals with the defendant Morehead, or only sureties, we have this state of facts presented by the record: The affidavit of defendant Morehead, upon which this motion is founded, saying that Duke and Green are co-principals and not sureties; and we have the affidavit of defendant Duke, denying that he is a principal, and alleging that he is only a surety to the note; and, in addition to these affidavits, we have the sworn statement—the evidence of Mrs. Morehead on the trial—in which she says: *"I gave for the $6,000 note a note of the estate of Eugene Morehead, with B. L. Duke and Lucius Green as sureties, for $5,000, to* The Morehead Banking Company,"—the note sued on. Upon this state of facts the court below found merits in the defendant's motion. And the opinion of this Court upon this state of facts says that if the Court can make such an order it surely should have been done in this case, and finds error in the ruling of the Court below for not allowing the motion.

We see things differently. I must say that from these facts I am not impressed with the merits of the motion. It is said in the opinion of the Court that "she had contested her individual liability on the note, and the judgment of the Superior Court was in her favor. There was no need then on her part, at the time of the rendition of judgment in the Superior Court, to make a motion to have the ultimate rights between Green and Duke and herself determined. She, at the first moment, after her personal liability on the note had been fixed by judicial decree, desired, not to change or modify the decision of the Supreme Court, but simply to have the rights and obligations of each of the defendants    *    *    *    settled

among themselves." The judgment at June Term, 1897, shows that by the consent of Mrs. Morehead it was rendered against her as executrix of Eugene Morehead, as well 'as against Duke and Green. And she testified that the estate of Eugene Morehead would pay about one-third of its liabilities. The judgment is now as it was then, against all three, except that defendant Morehead is now held to be personally liable.

We may not understand this argument of the Court, but as we understand it, it is that when the estate of Eugene Morehead was liable, but not Mrs. Morehead, it made no difference whether she was principal and Duke and Green were sureties, or not. Or, in other words, she was willing that this question might be decided upon her evidence, when she swore that she gave *"the note, and Duke and Green were sureties;"* if the estate alone is liable. But, if she is to be held personally liable, then Duke and Green are principals. It does not seem to me that such reasoning as this is sound, and I can not adopt it. But it should be remembered that it was held at Spring Term, 1895, (116 N. C., 410), that Mrs. Morehead was *personally* liable, and she has had ever since then to make this defense, and the case has been tried three times since that decision. And it seems to me that if she had any such defense as this, it has been within her personal knowledge and should have been made before there was a final determination of the case, upon the pleadings existing for six or seven years, and the facts elicited on so many trials.

But was the Judge not correct when he said he had no power to make the order? It is conceded in the opinion of the Court that the Superior Court has no power to disobey the judgment of the Supreme Court, and this is sustained by a great number of authorities. But as this is conceded in the opinion of the Court, I feel that it is not necessary to cite

authorities.  That when it was said in the opinion (122
N. C., 325), that the judgment tendered by plaintiff, making
the defendant Morehead personally liable, should have been
signed by the Court, and that it was error not to do so, and
when it was again said on the rehearing (124 N. C., 622),
that this judgment should have been signed, and that as it
should have been signed at the trial, it should be signed upon
the opinion of this Court being certified to the Superior
Court, it would seem, as I have already said, that this would
be the end of the case in this Court.

But the defendant Morehead says that judgment has been
signed and she does not complain of that, and does not ask
to set aside or modify it.  Is this not arguing in a circle?  If
this is the end of the matter, why not let it be the end?  If
it is the end, how can anything further be done?  If no other
judgment is to be rendered, why make the motion to file an
*additional* answer?  · It seems to me that these interrogatories
and any truthful answer that can be given to them, show the
absurdity of the motion to be allowed to file a new answer.

It is taught in the horn books of the law that there must
be an end to litigation sometime, and this motion looks to me
like trifling with the Court.   Black on Judgments, vol. 2,
par. 500, is as follows: "That the solemn and deliberate sen-
tence of the law, pronounced by its appointed organs upon a
disputed fact or state of facts, should be regarded as a final
and conclusive determination of the question litigated, and
should forever set the controversy at rest, is a rule common
to all civilized systems of jurisprudence.   But it is more than
a mere rule of law.   It is more even than an important prin-
ciple of public policy.   It is not too much to say that this
maxim is a fundamental conception in the organization of
every jural society.  · For unless every judgment should at
some point become final, and have the quality of establishing

its contents as irrefragable truth, litigation would become interminable, the rights of parties would be involved in endless confusion, the courts stripped of their most efficient power would become little more than advisory bodies, and this the most important function of government—that of ascertaining and enforcing rights—would go unfilled."

This doctrine is held by our own Court in an unbroken current of opinions, and by every Court whose opinions I have consulted; and I do not believe any opinion can be found to the contrary. *Shehan v. Malone,* 72 N. C., 59; *In re Griffin,* 98 N. C., 225; *Dobson v. Simonton,* 100 N. C., 56; *Calvert v. Peebles,* 82 N. C., 334. The fact that there is a judgment against the defendant Morehead as well as against Duke and Green, does not preclude her from showing that she is only a surety to the debt or that Duke and Green are co-principals with her, if such is the fact. But as this was not shown while the action was pending and before final judgment, it can only be shown in another action brought for that purpose. 2 Black on Judgments, par. 599; 1 Freeman on Judgments, par. 158. The same is true with regard to our own reported cases, for contribution among joint debtors, whether sureties or principals. I do not believe a single case can be found to the contrary.

The opinion of the Court is put on *Black v. Black,* 111 N. C. 300. I do not think this case justifies the opinion. It is not in harmony with *Shehan v. Wilson* and *Calvert v. Peebles, supra,* and other cases. But I think there is quite a difference between giving a new trial upon newly discovered evidence—a party's last chance—and allowing a defendant after final judgment to file a new answer, and raise new issues not raised or tried in the action while pending. Facts and issues must be properly raised and tried in an orderly way, and this can not be done in a suit after it is ended. The

right of contribution between co-obligors upon a note usually arises after the co-obligor has paid the debt, and if it arises before he does this, it must be an exception to the general rule, and no such exception is presented in this appeal. In my opinion the judgment should be affirmed.

FAIRCLOTH, C. J., also dissents.