## COOK v. AMERICAN EXCHANGE BANK.

(Filed April 15, 1902.)

PLEADINGS—*Answer —Judge —Discretion —Judgment —The Code,*
    *Sec. 274.*

> The trial court can not permit an answer to be filed after the
> supreme court has decided that judgment should have been
> entered by default for the plaintiff.

ACTION by P. F. Cook, trustee of Andrew Brown, bank-
rupt, against the American Exchange Bank and others, heard
by Judge *Geo. H. Brown,* at November Term, 1901, of the
Superior Court of DARE County. From an order allowing
defendants to file an answer and refusal of judgment for the
plaintiff, the plaintiff appealed.

*F. H. Busbee* and *E. F. Aydlett,* for the plaintiff.
*Busbee & Busbee* and *G. W. Ward,* for the defendants.

COOK, J.   When this case was before us upon appeal at the
August Term, 1901 (129 N. C., 149), the questions therein
raised were fully considered, and it was decided that the
plaintiff was "entitled to judgment by default and inquiry,"
and that the Court had "erred in not granting the same."
When the case again came on for hearing in the Superior
Court, and being heard upon the certificate of this Court, de-
fendants, People's Bank and Ensign & Son, again "moved to
dismiss the action for want of legal service; and at the same
time plaintiff moved for judgment by default and inquiry for
want of an answer, the complaint having been filed Spring
Term, 1900." "The Court, in the exercise of its discretion,
overruled plaintiff's motion" for judgment, to which he ex-
cepted, "and granted the motion of defendants to file an
answer, and the answer was filed," to which plaintiff excepted
and appealed.

The time for filing an answer had not only expired, but this Court had decided (*Cook v. Bank, supra*) that the Court below erred in not rendering judgment for plaintiff; so the matters in controversy were concluded by a final determination of this Court, and it was not then within the discretion of his Honor to reopen the case for further pleadings, or for any other purpose.     Indeed, it was within the province of this Court to have rendered the judgment here (Section 957 of The Code; *Alspaugh v. Winstead,* 79 N. C., 526; *Griffin v. Light Co.,* 111 N. C., on page 438), and a motion to that effect was then made, and is now renewed, but not granted.

The case of *Banking Co. v. Morehead,* 126 N. C., 279, cited by learned counsel for defendants, is distinguishable from the case at bar.  In that case the *amendment* to the *answer* (which had been regularly filed) was not allowed for the purpose of disturbing the status fixed by the decision of the Court between the plaintiff and defendants (which the Court there held could not be done), but for the purpose of enabling the defendants to establish their respective liabilities among themselves, and to preserve a lien upon realty which would be lost if a separate action should be resorted to.  In this case defendants asked leave to file an answer *after* this Court had determined that it was the duty of the Judge below to have entered judgment for plaintiff.  They had had their day in Court, and at no time did they plead or ask leave to do so, until after the door was closed against them.  Had they entered a *special* appearance for the purpose of obtaining a ruling upon the service, or the effect of their stipulation, it would have been within the discretion of the Court to allow them to file their answer after being adjudged to have been brought into Court, whether by service or by reason of the stipulation entered into by them.  But they chose a different course; and now, after judgment, it is not within the discretion of the Court to allow them to file an answer which they failed or re-

fused to do within the time limited for such purpose.    It is true the judgment had not been actually rendered in the Court below, but it had been decided by this Court that it should be.

The discretion vested in the Judge (The Code, Sec. 274) to allow an answer to be *made* after the time limited, terminates with the judgment, that is, after the final judgment has been rendered in the Superior Court, or ordered by this Court to be rendered, it is not within the discretion of the Judge to allow an answer to be filed.    "Amendments" to such answer as *had* been filed (The Code, Sec. 274) are not germane to this case, as no answer whatsoever had been filed before the final decision.

There is error, and this case is remanded to the end that judgment by default and inquiry may be entered in favor of the plaintiff in accordance with this opinion.