## WHITE v. LOKEY.

(Filed September 23, 1902.)

PLEADINGS—*Answer—Bond—The Code, Secs. 274 and 237.*

The extension of time to answer and file a defense bond, is discretionary with the court and not reviewable.

ACTION by Laura A. White against John Lokey and others, heard by Judge *Francis D. Winston,* at February Term, 1902, of the Superior Court of CRAVEN County. From a refusal of motion of plaintiff for a default judgment, and an order allowing defendants thirty days in which to file answer and defense bond, the plaintiff appealed.

*W. D. McIver,* for the plaintiff.
*W. W. Clark,* for the defendant.

CLARK, J. This is an action of ejectment. At the first term there was a general order continuing cases on the summons docket, with time to file pleadings. Counsel on both sides were absent, and there was no objection. On the last day of the second term, the plaintiff moved for judgment because no answer had been filed, and no defence bond as required by section 237 of The Code. The Court, in its discretion, granted thirty days in which to file answer and bond, and the plaintiff excepted. In fact, the answer and bond were filed during that same day, and before Court adjourned. The extension of time to file answer is within the express terms of The Code, Sec. 274, which makes it a matter of discretion with the Judge. Such discretion is not reviewable. Clark's Code (3d Ed.), page 309, and numerous cases there collected. The same section also confers on the Judge the discretion to extend the time for filing the defense bond. *Taylor v. Pope,* 106 N. C., 271.

Indeed, as the bond and answer were in fact filed at the second term, to which time had been extended without exception, the effect was the same as if they had been filed at the proper term, and a judgment by default must have been struck out upon the filing thereof within the term.

This case differs from *Cook v. Bank,* 129 N. C., 149. In that case there was no answer filed, and the plaintiff moved for judgment by default and inquiry upon his verified complaint. The defendant, instead of filing answer then, or getting time to answer (as in this case), opposed judgment. On appeal, it was held that judgment on that state of facts, was a legal right, and the Court held that it was error to refuse it.

No Error.