COOK v. AMERICAN EXCHANGE BANK.

(Filed October 7, 1902.)

PLEADINGS—*Answer—Discretion—Appeal—The Code, Sec. 274.*

The trial court may permit an answer to be filed after the supreme court has decided that judgment by default should have been entered for the plaintiff.

PETITION to rehear this case, reported in 130 N. C., 183, allowed, and case remanded.

*Busbee & Busbee, G. W. Ward,* and *Norris Morey,* for the petitioners.

*E. F. Aydlett,* and *F. H. Busbee,* in opposition.

MONTGOMERY, J. This case is before us again upon the defendants' petition to rehear. We have had it under consideration twice before, and it will be found reported in 129 N. C., 149, and 130 N. C., 183. On the first appeal, the plaintiff's alleged grievances were, first, the refusal of the Court below to grant him a judgment upon a verified complaint, no answer having been made; and, second, that his

Honor vacated the attachment which had been sued and levied upon the defendants' property by the plaintiff. The vacation of the attachment seemed to have been acquiesced in by the plaintiff when it came to be argued here; and we held that the agreement entered into between the counsel on both sides and set out in the first reported case amounted to a general appearance in the action by the defendants, and that, as the complaint was filed and duly verified and no answer having been made for two terms, the plaintiff was entitled to his judgment at that time, and that the Judge was in error in refusing it. We are of that opinion still on these questions. The opinion of this Court in the first appeal reached the Superior Court of Dare in time for its November Term, 1901, when the plaintiff moved for judgment according to that opinion. At the same time the defendants still claiming a special appearance entered a motion to dismiss the action "for want of legal service." Later, the defendants withdrew their motion and asked leave of the Court to answer the complaint. The Court refused the plaintiff's motion and granted to the defendants leave to file an answer, which was done. The plaintiff appealed from both rulings. Upon that appeal this Court held that his Honor below erred in not rendering judgment for the plaintiffs, and that it was not within his discretion to reopen the case for further pleadings or for any other purpose. The reason assigned by this Court for its holding was that the matter in controversy had been concluded by the decision of this Court in the first appeal; in other words that the opinion of this Court in the first appeal was a final determination of the matter in controversy between the parties. After a full consideration of the petition to rehear we think there was error in our conclusion upon the last appeal. We overlooked the full significance of the case of *Griffin v. Light Co.,* 111 N. C., 434. There the plaintiff had put in a veri-

fied complaint and the defendant had failed to verify its answer, and the Judge below had refused to grant judgment for the plaintiff on the motion of his counsel. This Court said that that was appealable error; and the Court added, "since however the case goes back it will be in the discretion of the Judge below to permit a verified answer to be filed. The Code, sec. 274. Whether he will permit this should largely depend whether the defendants can satisfy him that they had a meritorious defence, for it is unquestionably true that 'a delay of justice is often a denial of justice.' "

It was in the power of this Court to have entered a judgment here upon the first appeal, but it was not done. So, the case was sent back to the Superior Court with a decision upon the question then involved, *i. e.*, the right of the plaintiff to his judgment under the then existing circumstances, where there was a verified complaint and no answer. There was no judgment in the Court below at the time of the decision of this Court, nor has one ever been rendered in that Court up to this time.

When, therefore, the plaintiff made his motion for judgment and the defendant asked leave to file an answer, his Honor, looking at the case in all its aspects, considered it proper to let the defendant be heard by an answer, and upon a reconsideration of the whole matter, we are decidedly of the opinion that the ruling was a correct one. And this view of the case in nowise conflicts with the case of *Calvert v. Peebles,* 82 N. C., 334, and *Dobson v. Simonton,* 100 N. C., 56. In those cases, it was held that where this Court affirmed the judgment of the Court below, that Court had no right or power to disturb or modify the judgment in any respect, and that such judgment could only be corrected or modified by a direct proceeding, as pointed out in those last mentioned cases. Neither is the case of *Banking Co. v.*

*Morehead,* 126 N. C., 279, in conflict with this decision, for the reason that the judgment of the Superior Court was not altered or modified by the proceedings which took place after the decision of this Court. The judgment was not interfered with by those proceedings, but only the respective liabilities of the defendants to each other, and not to the plaintiff, were investigated.

In retracing our steps in this case to the path of former adjudications, we are glad that we have corrected a mistake of practice, and not one involving the rights of property. Petition allowed and case remanded for further proceedings.

Petition Allowed.