This action was brought by the Free-will Baptist Church, Northeast Conference, against the Free-will Baptist Church, Northwest Conference, for the adjudication of certain rights of property as between them. When the case was called for trial it was discovered that the pleadings had been lost, and the judge presiding thereupon made an order to the effect that the plaintiff should file a complaint within forty days after the adjournment of court, or suffer a nonsuit, and that defendant should file an answer within a like time after the filing of the complaint, and in the event of its failure to do so the plaintiff was ordered to take judgment by default. A complaint was filed in due time by the plaintiff, but defendant failed to file its answer within the time fixed by the order. At the next term of the court plaintiff tendered a judgment against defendant for the relief demanded in the complaint. Judge Ward refused to sign the judgment, and allowed the defendant an extension of time to file its answer, which was afterwards filed within the extended time. Plaintiff excepted and appealed.
After stating the case: It is provided by Revisal, sec. 512, that the judge may, in his discretion, and upon such terms as may be just, allow an answer or reply to be filed, or other act done, after the time limited therefor, or by an order enlarge such time. The judge has a very broad discretion in such matters, and there is every reason why he should have it. No judgment by default had been entered, and when the matter was brought to the attention of Judge Ward by the motion for judgment he had the clear right, or discretion, to extend the time for answering. Pell's Revisal, sec. 512 and notes, where the cases upon the subject are noted.
This case is governed directly and pointedly by Woodcock v. Merrimon,122 N.C. 731, and Cook v. Bank, 131 N.C. 96, and they are *Page 473 
strong authorities in support of the ruling below. In the first of the cases additional time was allowed to answer, with a stipulation that if defendant failed to avail himself of the privilege within the time so extended, judgment by default should be entered against him. The judge, at the next term, ignored the latter part of the order and gave more time to answer, and it was held that the order was a proper one and entirely within the discretion of the judge, the exercise of which is not reviewable by this Court. It was there said that what order shall be made or judgment rendered in case of default in filing a pleading must be left entirely to the discretion of the succeeding judge, and the judge who ordered the extension of time could not control that discretion. Approving Gilchrist v. Kitchen, 86 N.C. 20, and quoting therefrom, the Court said: "Independent of The Code, we hold that the right to amend pleadings in the cause and allow answers or other pleadings to be filed at any time is an inherent power of the Superior Courts, which they may exercise at their discretion. The judge presiding is best presumed to know what orders and what indulgence as to filing of pleadings will promote the ends of justice as they arise in each particular case, and with the exercise of this discretion this Court cannot interfere, because it is not the subject of appeal. Austin v. Clarke,70 N.C. 458." (566)
In Cook v. Bank this Court had held in a former appeal that plaintiff was entitled to a judgment by default for want of an answer, and, notwithstanding this decision, it was afterwards held that when the case was transmitted to the Superior Court the judge had the discretion to refuse to enter a judgment by default, according to the opinion of this Court, and to extend the time for answering.
It is too well settled to require or even justify discussion, that the enlargement of the time for filing pleadings is a matter to be decided according to the court's discretion. Wilmington v. McDonald, 133 N.C. 548. A judge could not well decide in advance whether the defendant's failure to file an answer within the prescribed time will be due to laches or to such circumstances as will excuse the omission and entitle him to further time.
Appeal dismissed.
Cited: Lloyd v. Lumber Co., 167 N.C. 97. *Page 474